LE ROY MOWRY, et al. Appellants, *v.* JESSE K. SANBORN, Respondent.

Affidavits of foreclosure and sale in proceedings to foreclose a mortgage by advertisement may be taken before notaries public; by the act of 1859, in relation to these officers (chap. 360, Laws of 1859) they were added to the list of officers who, under the Revised Statutes (2 R. S. 547, § 11), could take such affidavits.

One copy of the notice of sale to which all the affidavits are annexed is a sufficient compliance with the statute; it is not necessary to annex a separate copy to each affidavit.

The rule that in the construction of written instruments certainty to a common intent is sufficient, and that they are not vitiated for want of that accuracy of statement which precludes all argument, inference and presumption, applies to the statutory proofs of foreclosure and sale by advertisement.

The making, filing and recording of affidavits of the foreclosure proceedings are not in the exercise of the power of sale; the power is fully executed when a sale has been regularly and duly made as prescribed by statute; the affidavits are merely evidence of the exercise of such power; they are but *prima facie* evidence of the facts stated (2 R. S., 547, § 12), and may be controverted.

The power to sell therefore does not rest upon proof by affidavit of publication of the notice of sale, but upon the fact of publication, and this may be shown independent of the affidavit.

An affidavit of publication stated that deponent was "the foreman of the printer of the newspaper called the People's Journal, a public newspaper printed and published in the county of Washington, where the premises described in the annexed printed notice of sale or a part thereof are situated;" it then stated that "the notice of sale was published for twelve weeks successively, at least once in each week," etc. *Held,* that the fair construction of the affidavit was that the notice was published in the paper named; that it was presumptive evidence of such publication, and conclusive until controverted or disproved.

*Mowry* v. *Sanborn* (11 Hun, 545), reversed.

(Argued February 7, 1878; decided February 19, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendant, entered upon a nonsuit on trial. (Reported below, 11 Hun, 545.)

This was an action of ejectment to recover certain premises situate in the county of Washington. It has been twice before to this court. A memorandum of the decision upon the first appeal will be found in 65 New York, 581; the case upon the second appeal is reported in 68 New York, 153.

Plaintiffs claimed title under a foreclosure, by advertisement, of a mortgage upon the premises in question, executed by defendant and wife to plaintiff Mowry, as president of the Washington County Bank, and by it transferred to the Washington County National Bank, by whom the mortgage was foreclosed; said bank became the purchaser on the sale and subsequently conveyed to plaintiffs.

Upon the third trial the affidavits, etc., in the foreclosure proceedings were offered in evidence, and various objections were taken thereto not presented upon the former trials. These are set forth sufficiently in the opinion. The court sustained the objections.

Plaintiff offered to prove by parol evidence that the publication referred to in the affidavit of publication was, in fact, made in the People's Journal, the paper named in said affidavit. This was objected to by defendant as incompetent and inadmissible. The objection was sustained, and plaintiff's counsel duly excepted. The court thereupon nonsuited plaintiff.

*Samuel Hand,* for appellants. The affidavit of Waterbury was sufficient proof of publication, and the court below erred in holding otherwise. (*Judd* v. *O'Brien*, 21 N. Y., 186; *George* v. *Arthur*, 2 Hun, 406; *Candee* v. *Burke*, 1 id., 546; *Howard* v. *Hatch*, 29 Barb., 297; 62 id., 223–229; 2 R. S., 547, § 10; *George* v. *Arthur*, 1 T. & C., 635; *Lamb* v. *Buckmiller*, 17 N. Y., 620.) There was error in excluding the evidence offered to show that the publication proved

by the affidavit was in the People's Journal, if the affidavit did not itself sufficiently show it. (1 R. S., 737, § 152; 2 id., 547, § 14; *Mowry* v. *Sanborn*, 7 Hun, 384; 62 Barb., 223; *Dwight* v. *Phillips*, 48 id., 116; 7 N. Y., 620; *Pettit* v. *Shepard*, 32 id., 27; *Brinckerhoff* v. *Olp*, 35 Barb., 27; *Draper* v. *Snow*, 20 N. Y., 331; *Meyer* v. *Hubsher*, 47 id., 265; *Munson* v. *Field*, id., 221; *Fish* v. *Hubbard*, 21 Wend., 651; *Rowland* v. *Ashley*, 1 Ry. & Mo., 232.)

*L. H. Northrup*, for respondent. The affidavits of publication and sale in proceedings to foreclose a mortgage by advertisement could not be made before a notary public. (3 R. S. [6th ed.], 849, § 11; *Vil. of Deposit* v. *Devereaux*, 3 N. Y. Weekly Dig., 225.) The affidavit of publication was defective. (3 R. S. [6th ed.], 847, § 3.) It was necessary to pursue the provisions of the statute strictly. (*Lawrence* v. *Farmers'*, etc., 13 N. Y., 200; *Lockett* v. *Hill*, 1 Wood's C. C. R., 552; Potter's Dwar. on Stat., 146, rule 21; *Powell* v. *Tuttle*, 3 N. Y., 396, 401.) Such statutes are strictly construed. (*Sharp* v. *Spear*, 4 Hill, 76, 84; 2 Dall., 316; *Thatcher* v. *Powell*, 6 Wheat., 119; 5 Pet. Con. R., 31; *Sherwood* v. *Reade*, 4 Hill, 431, 434; *Bloom* v. *Burdick*, 1 id., 141; *Sharp* v. *Johnson*, 4 id., 92, 99; *Striker* v. *Kelley*, 2 Den., 323, 330; *Van Slyke* v. *Sheldon*, 9 Barb., 278; *Doughty* v. *Hope*, 3 Den., 594, 598; 1 N. Y., 79; *People* v. *Bd. of Police*, 6 Abb., 162, 164; *Stanton* v. *Ellis*, 12 N. Y., 575, 578; *Ex parte Bank of Monroe*, 7 Hill, 177, 179; 10 N. Y., 329, 330; 43 id., 107, 121; 23 id., 285, 286; 19 id., 496; 39 id., 196, 369; 45 id., 781, 784; 2 Robt., 153; 42 How., 116; 12 Abb. [N. S.], 161, 169; *Layman* v. *Whiting*, 20 Barb., 559, 561; *People* v. *Becker*, 20 N. Y., 324; *Morris* v. *Day*, 37 Me., 386, 388; *Freeman* v. *Atwood*, 53 id., 473, 475.) The court properly excluded oral proof that the notice was published in the People's Journal. (*Arnot* v. *McClure*, 4 Den., 41.)

Allen, J. The plaintiffs sue for the recovery of the possession of certain premises in Washington county, claiming

title by deed from The Washington County National Bank of Greenwich. The title of the bank is as purchaser at a foreclosure sale under the statute, pursuant to the power contained in a mortgage from the present defendant to the bank. The defendant has hitherto been successful in defending the action for alleged defects in the formal proofs of the foreclosure proceedings and sale — that is, upon objections to the proof of the title of the bank under such sale.

The cause has been twice before this court upon former appeals, and the objections then made have been disposed of adversely to the defendant. Upon the third trial, which we are now called upon to review, the plaintiffs were nonsuited, and the complaint dismissed upon objections then taken for the first time. Several of the objections are frivolous, but as all were urged upon the argument before us, they will be noticed in their order, so far as necessary.

1. It is objected that the affidavits of publication and sale were made before a notary public, and not before a commissioner of deeds, or either of the other officers named in the statute regulating the foreclosure of mortgages by advertisement. (2 R. S., 547, § 11.) By chapter 360, Laws of 1859, notaries public may administer oaths and affirmations for use or record in this State, in all cases where the same might before have been made by commissioners of deeds. The statute is general, and adds the officers named, to those who were originally designated, as those before whom affidavits in foreclosure proceedings might be taken. The first statute named all the officers who could, at the time of its enactment, take affidavits to be read in a court of record, or used generally in the State, and in 1859 notaries public were added to the list. The affidavits were regularly taken before a notary public.

2. The affidavits were annexed to a single printed copy of the notice of sale. One copy of the notice of sale to which all the affidavits were annexed was a compliance with the statute. It was not necessary that a several copy of the notice should be annexed to each affidavit.

SICKELS.—VOL. XXVII.   68

The third, fourth and fifth objections are without foundation and clearly frivolous.

The sixth and seventh specifications of objections are substantially the same, and they alone of the objections now relied upon require consideration. The objection is to the affidavit of publication of the notice of sale, that it does not appear that the notice was published in a newspaper printed in the county where the mortgaged premises were situated, as required by statute. The affidavit is subject to criticism as wanting in that certainty which is required in certain classes of written instruments.

Certainty to a certain intent, in particular that accuracy of statement which would preclude all argument, inference and presumption, is only required in *estoppels*, and possibly in one or two other cases. But in contracts, grants and other instruments, *inter partes*, as well as statutes, and in ordinary pleadings, certainty to a common intent is sufficient, and they are not vitiated for want of the higher degree of certainty before mentioned. It is simply a matter of construction as to most instruments in writing, and when the meaning of the parties to a contract or of a statute may be understood upon a fair and reasonable construction, without recourse to possibilities, effect should be given to them according to the intent. *Ut res magis valeat quam pereat.* The intent must be ascertained by construction, and from the words of the instrument, and not by a process of addition or interpolation, and it should be only when a contract or other instrument in writing is so vague that its meaning cannot be certainly collected that it should be rejected entirely. These rules are familiar, and are properly applicable to the statutory proofs of the proceedings for the foreclosure of a mortgage by advertisement, and the sale of the mortgaged premises, which when the mortgagee is the purchaser, take the place and have the effect of a conveyance executed by the mortgagee upon a sale to a third person. (2 R. S., 547, § 14.) The making, filing and recording of these affidavits are not in the exercise of

the power of sale contained in the mortgage, which, as regulated by the statute, must be strictly pursued, but they are the mere evidences of the due exercise of such power, prescribed by statute for the benefit of the purchaser under the power, and to perfect his title, and perpetuate the evidences of it. The power is fully executed when a sale has been regularly and duly made, pursuant to notice published and served as required by law. These affidavits then taking the place of a conveyance as the evidence of the proceedings for the foreclosure and of the sale should receive the same construction as would a conveyance of which they are the substitutes, or any other instrument in writing or evidence of title. They are but *prima facie* evidence of the facts stated, and if they directly, or by necessary implication, assert an untruth, they may be controverted, and the fact of publication is a matter of public notoriety easy to be proved or disproved, as the case may be, and is not a fact, the knowledge of which is necessarily or possibly confined to one person, and that the affiant, and so not readily disproved if not true. The statute in terms declares the affidavits but presumptive evidence of the facts stated. (2 R. S., 547, § 12.) The power to sell does not rest upon the proof of the publication but upon the fact of the publication of the notice, and if the publication was not in fact made whether it is expressly alleged in the affidavit, or the courts should construe the affidavit as stating it, the truth may be shown and the sale canceled. The affidavit of publication must by statute be made by the printer of the newspaper in which the notice of sale is inserted, or by his foreman, or principal clerk. In this case the proof is by one who states that he " is the foreman of the printer of the newspaper called the People's Journal, a public newspaper printed and published in the county of Washington, where the premises described in the annexed printed notice of sale, or a part thereof, are situated." The affidavit then proceeds to state that the notice of the mortgage sale, of which a printed copy was annexed, " was published for twelve weeks succes-

sively, at least once in each week prior to the time specified in said notice for the sale of the said premises, said publication having been commenced on the 23d day of April, in the year 1868, and continued for twelve weeks at least, successively, at least once in each week." The affidavit is made by the proper person, as connected with the newspaper mentioned, and in which the notice might by law be published, and was made and used as evidence of the publication of a notice of sale required by law as a condition precedent to the sale. The presumption is in favor of the *bona fides* of the affidavit and the regularity of the proceedings. The fact stated that the deponent was the foreman of the printer of the particular newspaper was only important as showing that he was competent to prove a publication of a notice in that paper, and the fact that the People's Journal was a newspaper printed and published in Washington county, is only material as showing that a notice of the mortgage sale referred to might legally be published in that paper; and these statements were but inducements to the statement of the publication in fact, of the notice of the mortgage sale and according to law. The conclusion is irresistible that the meaning of the deponent, as expressed in the entire paper, was that the notice was published in that and no other paper. Upon reading the affidavit, the inquiry in what paper, or in what way, was the notice published, as appears by the affidavit, would be answered at once " in the People's Journal, printed in Washington county," and could receive no other answer. It cannot be intended that the form of making the affidavit was a vain thing, and intended to cheat. No one can read the affidavit without being satisfied that it was intended to state that the publication of the notice for the time stated was in the People's Journal, and not as was suggested, by verbal proclamation at the church door, or some other place or manner, or by inserting it in some other newspaper or public journal. The very evident intention of the affiant was by the affidavit to state and show that the notice was published as required by statute in the newspaper men-.

tioned. The affidavit is a fraud and deception upon any other interpretation, and if the affidavit is read and understood according to its evident meaning, and the notice was not published in that paper as stated, the affidavit was false. The omission to restate the name of the paper so fully described in the first part of the affidavit, in the subsequent clause stating the publication, would not relieve the affiant from the guit of moral perjury, if the notice was not published in the newspaper mentioned. Whether the maker of the affidavit could escape a conviction upon an indictment for perjury upon the technical omission to state the fact of publication in the People's Journal more explicitly, we need not trouble ourselves to consider. The criticism is quite too sharp to destroy the effect of the paper as " presumptive evidence " of publication in the paper named. The term " publication," as used in the affidavit, must have the same meaning as the party using it intended it should have with those who should read the paper, and as it has in the statute requiring the notice to be published. Although the affidavit may be technically defective, as not stating with a certainty, to a certain intent in particular—that is, so as to preclude all arguments, inferences, and possible presumptions, it does show the fact with sufficient clearness, precision and certainty for the purposes for which it was made. The affidavit is certain and definite as to the fact of publication for the time, and in the manner prescribed by statute, from the day of the first publication, which is stated, and as the affidavit must be read as an entirety, and with reference to the purpose for which it was made, the newspaper named in the introductory clause must be regarded as that in which the publication was made. Such was clearly the mind of the writer of the affidavit as well as of the affiant, and is the idea conveyed to the mind of the reader.

We are of the opinion that the affidavit is presumptive evidence of the due publication of the notice of sale, and conclusive evidence until controverted and disproved.

The judgment must be reversed, and a new trial granted.
All concur.

Judgment reversed.