AMOS STORY AS RECEIVER, ETC., OF LEWIS STORY, RESPONDENT, v. DAVID M. HAMILTON, APPELLANT.

*Foreclosure by advertisement — right of a purchaser to pay a prior incumbrance from the amount of his bid.*

The defendant purchased certain premises at a sale had under a foreclosure by advertisement of a second mortgage, of which he was then the owner. By the terms of sale, which were read by the auctioneer, the premises were to be sold free of all incumbrances, the purchaser being required to pay the first mortgage out of the amount bid by him, and to pay over the balance of his bid to the auctioneer. These terms of sale were not contained in the notices of the foreclosure which were served and posted as required by the statute. The

purchaser paid off the first mortgage, paid the balance of his bid to the
auctioneer, and received the affidavits of sale as provided by the statute.
Subsequently the plaintiff, who had been appointed receiver of the property of
the mortgagor and owner of the equity of redemption, brought this action to
recover a surplus alleged to have arisen on such sale, claiming that the defend-
ant was not entitled to be allowed the amount he had paid on the first mort-
gage, because the owner of the equity of redemption, who was not present at
the sale, had no knowledge of the terms of sale or of such payment, and had
never ratified them, and that therefore the purchaser must account for the
amount of his bid, less the amount due on the second mortgage.
Held, that the action could not be maintained.

APPEAL from a judgment in favor of the plaintiff, entered
upon the report of a referee.

*King & Hallock*, for the appellant.

*A. C. Fancher and Griswold & Crowell*, for the respondent. The
defendant having placed on record in the office of the county
clerk an affidavit showing, as required by law, the circumstances
of the sale is bound by it. He cannot be allowed to impeach or
contradict it. (*Arnot* v. *McClure*, 4 Denio, 41; *Mowrey* v. *San-
born*, 11 Hun, 545; *Warner* v. *Blackburn*, 36 Barb., 516; *Mowry*
v. *Sanborn*, 68 N. Y., 162.) The power of sale contained in
the mortgage authorized a foreclosure and sale to pay money
secured by the mortgage and for no other purpose. The defend-
ant had no power to sell the premises free and clear of all incum-
brances. There was no power of sale for any other purpose than
the foreclosure of defendant's mortgage. (*Judd* v. *O'Brien*, 21
N. Y., 186; *Hetzel* v. *Barber*, 69 id., 13.)

BOARDMAN, J. :
    The defendant was the owner of a mortgage upon a small
farm. There was another mortgage, a prior lien, upon said land.
Defendant foreclosed his mortgage by advertisement under an
ordinary notice of foreclosure. On the day of sale there was due
upon defendant's mortgage about $950. At the same date there
was due and unpaid upon the prior mortgage about $1,384, and
such prior mortgage was then being foreclosed. Prior to the sale
under defendant's foreclosure (which occurred May 31, 1876), the
attorney for the defendant, who acted as auctioneer, read aloud

to the bystanders the terms of sale, among which were the following: "Premises to be sold as if clear of all incumbrances, the purchaser to pay out of the amount for which the property shall be struck off to him the mortgage held by Rachel Story on the property" (being said prior lien). "The balance of the purchase money to be paid to me on delivery of affidavits of sale." Such terms of sale were not contained in the notice of foreclosure, but were read in connection with such notice before the sale. The defendant bid in the property under said notice and terms of sale for $1,500. He afterwards, on June 12, 1876, paid the prior mortgage to Rachel Story, together with her costs of foreclosure, and a balance of about $116 was left to be applied upon defendant's mortgage. The usual affidavits of foreclosure, but without reference to the terms of sale, were made and recorded showing a regular and valid sale.

On the 23d day of June, 1876, one Henry Story recovered a judgment against Lewis Story (who was the mortgagor in each of the mortgages above referred to and the owner of the real estate covered thereby) for $1,879.97, and plaintiff was appointed receiver of Lewis Story's property by virtue of proceedings had under such judgment in June, 1877, and before the commencement of this action demanded of the defendant $488.41, claimed by the receiver as surplus moneys arising on said foreclosure and sale of property of said Lewis Story. Payment being refused, this action was begun August 11, 1877.

The referee has found in favor of the plaintiff for the reason that Lewis Story, the owner of the equity of redemption, was not present at the sale, had no knowledge of such terms of sale, had not by any act of his ratified the sale on such terms, or the payment to Rachel Story, and was not in law bound thereby; that plaintiff as receiver had succeeded to the rights of Lewis Story, and was entitled to recover.

The affidavits required by statute are evidence of the sale and of the forclosure of the equity of redemption, where the premises are purchased by the mortgagor, in the same manner and with the like effect as a conveyance executed by a mortgagor upon such sale to a third person. (2 R. S., 547, § 14.) They are but *prima facie* evidence of the facts stated, and may be controverted.

(*Mowry* v. *Sanborn*, 72 N. Y., 534.) The consideration of the sale may be shown outside of the affidavits. All the affidavits can be made to prove is the regularity of the sale and the foreclosure of the equity of redemption. The mortgagor may sell the whole of the premises or a part only ; he may reserve the crops on the ground ; he may provide for taxes or assessments which are liens upon the premises, and the sale will be valid and effectual. (*Sherman* v. *Willett*, 42 N. Y., 151.) Nor is it necessary that such facts or reservations should be stated in the notice of sale, nor are the affidavits conclusive as to such facts if not stated therein. (*Id.*) In this case the amount of a prior mortgage then being foreclosed was, by the terms of the sale, to be first paid out of the sum bid by the purchaser. There was no fraud, concealment or wrong in such provision. The defendant bid upon that basis, and made the application accordingly. Who has been wronged by that ? The price does not appear to be inadequate. There is no question of surprise or undue advantage by which the mortgagor or any one else has suffered. If such were true the remedy would be to set aside the sale. Upon what principle then can Lewis Story, or the plaintiff as his representative, affirm the sale, as to the price bid, made upon the terms aforesaid, and then repudiate the terms of sale and claim the proceeds thereof as though no such terms controlled defendant's action and bid ? To allow that would be to sanction injustice. Equity ought not to permit it. The plaintiff must either recognize the sale as a whole, or seek to set it aside if he is injured by it.

This sale could only be made subject to the prior mortgage. In effect it was so made. The necessity existed that the prior mortgage should be promptly paid off, and it was provided for. The effect would have been the same if the equity of redemption alone had been sold. Nor was it necessary that the terms of sale should be inserted in the affidavits. Such matter would be mere surplusage. The statute regulates what the affidavits must contain and its effect. Other facts may be proved by parol as was done in this case.

We think the terms of sale were legal, proper and effectual ; that the application of the proceeds was properly controlled thereby ; that the terms of sale and payments made in accord-

ance therewith were properly proved by parol, and that under all the facts there was no surplusage arising on this sale.

Hence, we conclude the judgment is erroneous, and should be reversed, and a new trial should be granted, costs to abide the event, and referee discharged.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment reversed, new trial granted, referee discharged, costs to abide event.