AMOS STORY, as Receiver, etc., Appellant, *v.* DAVID M. HAMIL-
TON, Respondent.

Upon a statutory foreclosure of a mortgage it is lawful to sell the premises
free and clear of all incumbrances.

It is not essential that such terms of sale should be included in the pub-
lished notice of foreclosure.

The affidavits required by the statute (2 R. S. 547, § 14), where the premises
are purchased by the owner of the mortgage, are not conclusive as to the
facts, and where the terms of sale are not stated therein, oral evidence is
admissible to prove them.

Where the terms of sale have been carried into effect the fact that the con-
tract was not signed as required by the statute of frauds is immaterial.

If the sale is irregular the owner of the equity of redemption cannot attack
it in an action to recover an alleged surplus arising thereon; he cannot
affirm it without being bound by its terms.

*It seems* that if dissatisfied the remedy of such owner is by motion to set
the sale aside.

Where, therefore, in the terms of sale, read by the auctioneer before such
a sale, it was stated that the premises were to be sold clear of incum-
brances, the purchaser to pay out of the amount bid by him a prior
mortgage upon the premises, and the owner of the mortgage became the
purchaser for a sum insufficient to pay the prior mortgage, his own and
the costs of foreclosure, which prior mortgage said purchaser thereafter
paid, *held* that an action could not be maintained against him to recover
as surplus the difference between the sum bid and the amount of his
mortgage, with costs; and that parol evidence was competent to prove
the facts and circumstances of the sale.

(Argued October 3, 1881 ; decided October 18, 1881.)

APPEAL from an order of the General Term of the Supreme
Court, in the third judicial department, made February 13,
1880, which reversed a judgment in favor of plaintiff, entered
upon the decision of a referee and granted a new trial. (Re-
ported below, 20 Hun, 133.)

This action was brought by plaintiff, as receiver of the prop-
erty of Lewis Story, to recover an alleged surplus arising on
foreclosure by advertisement, under the statute, of a mortgage
on real estate.

The defendant was the owner of a mortgage upon a farm.
There was another mortgage, a prior lien upon said land.

Defendant foreclosed his mortgage by advertisement under an or linary notice of foreclosure. On the day of sale there was due upon defendant's mortgage about $950. At the same date there was due and unpaid upon the prior mortgage about $1,384, and such prior mortgage was then being foreclosed. Prior to the sale under defendant's foreclosure (which occurred May 31, 1876), the attorney for the defendant, who acted as auctioneer, read aloud to the bystanders the terms of sale, among which were the following : "Premises to be sold as if clear of all incumbrances, the purchaser to pay out of the amount for which the property shall be struck off to him the mortgage held by Rachel Story on the property" (being said prior lien). "The balance of the purchase-money to be paid to me on delivery of affidavits of sale." Such terms of sale were not contained in the notice of foreclosure. The defendant bid in the property under said notice and terms of sale for $1,500 ; he afterward, on June 12, 1876, paid the prior mortgage to Rachel Story, together with her costs of foreclosure, and a balance of about $116 was left to be applied upon his mortgage. The usual affidavits of foreclosure, but without reference to the terms of sale, were made and recorded.

Plaintiff, who was appointed receiver of the property and effects of Lewis Story, the mortgagor and owner of the equity of redemption, in proceedings supplementary to execution against him, demanded of the defendant $488.41, claimed by him as surplus moneys arising on said foreclosure. Payment being refused this action was begun. The referee found in favor of the plaintiff for the reason that Story was not present at the sale, had no knowledge of such terms of sale, had not by any act of his ratified the sale on such terms or the payment to Rachel Story, and was not in law bound thereby ; that plaintiff, as receiver, had succeeded to the rights of Lewis Story and was entitled to recover.

The terms and circumstances of the sale were proved on the trial by oral evidence.

*Sidney Crowell* for appellant. The defendant, as mortgagee

and purchaser, having placed on record in the office of the county clerk an affidavit showing, as required by law, the circumstances of the sale, is bound by it. (*Arnot* v. *McClure*, 4 Denio, 41; *Mowrey* v. *Sanborn*, 11 Hun, 545; *Warner* v. *Blackburn*, 36 Barb. 516; *Lyman* v. *Whiting*, 20 id. 559; *Brewster* v. *Power*, 10 Paige, 568; *Mowrey* v. *Sanborn*, 68 N. Y. 162.) On a foreclosure by advertisement, under the statute the purchaser is not entitled to possession of the premises until all necessary affidavits have been made and recorded. (*Mowry* v. *Sanborn*, 7 Hun, 384; *Tuthill* v. *Tracy*, 31 N. Y. 157; *Bryan* v. *Betts*, 27 Barb. 503; Laws of 1874, chap. 208.) The defendant had no power to sell the premises free and clear of all incumbrances. (*Smith* v. *Gardner*, 42 Barb. 366; *Butler* v. *Viel*, 44 id. 166.) Nor to apply any part of the price or proceeds of the sale to the payment of a prior mortgage. (*Basche* v. *Doscher*, 66 N. Y. 429.) The defendant was bound to conform to the terms and conditions of the power of sale and the statutory requirements. (*Judd* v. *O'Brien*, 21 N. Y. 186; *Hetzel* v. *Barber*, 69 id. 13; *Mowrey* v. *Sanborn*, 68 id. 160; *Packer* v. *The Rochester & Syracuse R. R. Co.*, 17 id. 288; 2 R. S. 192, § 158; *Jencks* v. *Alexander*, 11 Paige, 619.) The defendant cannot take the benefit of the foreclosure and sale and then avoid applying the proceeds of the sale as provided in the mortgage and required by law, on the ground of any alleged defect or irregularity by him in the foreclosure proceedings. (*Parkinson* v. *Sherman*, 7 N. Y. 88; *Requa* v. *Rea*, 2 Paige, 339; *Cazes* v. *Hubbell*, 36 N. Y. 680.) The defendant is estopped from impeaching the affidavit and validity of the sale in this action. (*Townsend* v. *Olin*, 5 Wend. 187; *Shelden* v. *Payne*, 7 N. Y. 453.) Defendant having in his answer expressly admitted the allegation of the complaint that the mortgaged premises were sold under and pursuant to the notice of sale and foreclosure to him for $1,500, he being the highest bidder, this fact cannot now be denied or controverted. (New Code, § 522.) Defendant, in paying the prior mortgage held by Rachel Story, only discharged, for his own benefit, a lien on the land which was the primary fund for its payment,

Opinion *per Curiam.*

as between himself and his mortgagor, Lewis Story. (*Vander-kemp* v. *Shelton*, 11 Paige, 34.) No one can be held to have affirmed or ratified an unauthorized act or thing, unless it is proved he had notice or knowledge of it. (*Beldwin* v. *Burrows*, 46 N. Y. 212; *Smith* v. *Kidd*, 68 id. 142; *Rich* v. *Smith*, 82 id. 627.) These terms of sale, though claimed to have been read aloud to the bystanders, were never signed by anybody and hence were void. (2 R. S. 135, § 8; Bingham on Sales of Real Property, 595.)

*Joseph Hallock* for respondent. Any defense which the defendant might have made to the action, if brought by the original party, is equally available, and may be made with like effect when the action is instituted by his receiver. (High on Receivers, §§ 204, 205; *Williams* v. *Babcock*, 25 Barb. 109; *Bell* v. *Shibley*, 33 id. 610; *Savage* v. *Medbury*, 19 N. Y. 32; *Hyde* v. *Lynde*, 4 id. 387.) On sales in equitable actions, the practice recognizes written terms of sale and their use. (2 R. S. 326, § 5; 3 Wait's Sup. Ct. Pr. 375; 1 Barb. Ch. Pr. 527; 2 id. 500.) If it be conceded that certain of the affidavits required by law are a statutory conveyance, it cannot be claimed that they have any greater immunity from attack, or explanation by oral evidence, than any other deed or conveyance. (*Arnot* v. *McClure*, 4 Denio, 41; *Sherman* v. *Willett*, 42 N. Y. 146; *Bingham* v. *Weiderwax*, 1 id. 509; *Holliday* v. *Hart*, 30 id. 474; *Hebbard* v. *Haughian*, 70 id. 54; *Arnot* v. *Erie R. R.*, 67 id. 315.) Parol evidence was properly admitted to prove the conditions of sale, and the sum bid. (*Mowrey* v. *Sanborn*, 72 N. Y. 534, 538; *Burns* v. *Reed*, 16 Barb. 347–352; *Tuthill* v. *Tracy*, 31 N. Y. 157; *Mowry* v. *Sanborn*, 68 id. 160–161.)

*Per Curiam.* We are unable to discover any ground for the reversal of the judgment of the General Term. The facts of the case establish that the money realized upon the foreclosure sale has been applied where it lawfully belongs, to the payment of incumbrances upon the property, and we see no

such misapplication of the same or violation of any rule of law as could sanction a judgment against the defendant. He paid the money to the person who was lawfully entitled to the same in entire good faith, and after having thus disposed of it no valid reason exists why he should pay any portion of the avails of the sale to the plaintiff. None of the objections urged to the sale are sufficient, we think, to render the defendant liable, as will be manifest from an examination of the same. The objection that the defendant had no power to sell the premises free and clear from all incumbrances and to the terms of sale is not well taken. There is nothing in the statute prohibiting such terms, and as they state the conditions and fix the rights of the parties and bind the purchaser who signed, thus avoiding any question as to the statute of frauds, they are both proper and lawful. The practice also conforms to that pursued in case of foreclosure and other sales in equitable actions, and is to be commended. We think that parol evidence was admissible to prove the conditions of the sale and the amount bid. The affidavits are merely the evidence of the exercise of the power of sale prescribed by the statute for the benefit of the purchaser, to perfect his title and to perpetuate the evidence of it. They are but *prima facie* presumptive evidence of the facts stated and may be controverted. (*Mowry* v. *Sanborn*, 72 N. Y. 534; *S. C.*, 68 id. 160, 161.) It was competent, therefore, to show all the facts and circumstances, and if any objections exist to filing the additional affidavit for the purpose of correcting an error, the facts were proved by parol and hence it is not material. The terms of sale having been carried into effect it does not aid the plaintiff because the contract was not signed as required by the statute of frauds. If it be conceded that the sale was entirely irregular the plaintiff cannot affirm it without being bound by its terms. If dissatisfied his remedy is by motion to set it aside. It is apparent that the money realized upon the sale has been properly appropriated and no injustice has been done, and in such a case equity will interfere to prevent a wrong being committed.

The opinion of the General Term fully covers the case, and it is not necessary to consider some other questions raised.

· The order should be affirmed and judgment absolute rendered against appellant upon stipulation.

All concur; EARL, J., concurring in result.

Order affirmed and judgment accordingly.