DEUTSCH v. HAAB.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

1. MORTGAGES (§§ 356, 366*)—FORECLOSURE BY ADVERTISEMENT—NOTICE OF SALE —SALE—AFFIDAVIT—BY WHOM MADE—"MAY."

Under the statute[1] providing that the affidavit of service on the mortgagor of notice of foreclosure sale by advertisement "may" be made by the person making the service, and that the affidavit of sale "may" be made by the auctioneer at the sale, such persons alone can make the affidavits.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. §§ 356, 366.*]

2. MORTGAGES (§ 356, 366*)—FORECLOSURE BY ADVERTISEMENT—SALE AND NOTICE OF SALE—AFFIDAVITS—EVIDENCE.

That, in ejectment, affidavits of service of notice of sale under foreclosure by advertisement and of sale made by unauthorized persons were received in evidence without objection, did not render them equivalent in probative force to the affidavits required by statute.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. §§ 356, 366.*]

3. MORTGAGES (§ 372*)—MORTGAGEE IN POSSESSION.

One succeeding to the rights of a mortgagee under an attempted foreclosure does not thereby become a mortgagee in possession, unless he enters lawfully, or his possession becomes lawful by the conduct or acquiescence of the owner of the land.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 372.*]

Miller, J., dissenting.

Appeal from Trial Term, Suffolk County.

Action by Louis Deutsch against Henry Haab. From the judgment, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
[1] Code Civ. Proc. § 2396.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and MILLER, JJ.

Raymond C. Haff, for appellant.

Leslie A. Davis (James P. Niemann, on the brief), for respondent.

THOMAS, J. This is an action of ejectment. In 1892 Eli Bennett ·conveyed with covenant of warranty to Deutsch, plaintiff, the land in suit, and the latter gave Bennett a purchase-money mortgage. Haab, defendant, is in possession as vendee, and claims under an attempted sale on foreclosure of such mortgage by advertisement, made, as ·claimed, by Bennett's administratrix on May 5, 1894. The deed ac-·cepted by the defendant recognized the conveyance by Bennett to Deutsch, and is sufficient evidence of Bennett's right to convey. The ·affidavits of sale and of service of notice thereof on the mortgagor are not made by the auctioneer and the person who served the notice, but severally by the wife and son of Eli Bennett, the former of whom ·was the administratrix.

There are two questions to be considered: (1) Are such affidavits sufficient evidence? (2) If they are not evidence, is the defendant a mortgagee in lawful possession? The affidavits authorized by the stat-:ute, filed in the proper office and recorded in the book for recording ·deeds, take the place of a deed (Mowry v. Sanborn, 72 N. Y. 534), .and are after such recording deliverable to the purchaser. The stat-ute endows affidavits so filed and the record thereof with certain pro-bative force, whereby they become "presumptive evidence of the mat-ters of fact therein stated, with respect to any property sold." The affidavits so made potential are only those made by described classes ·of persons. The affidavit of service of the notice of sale on the mort-gagors and others served "may" be made "by the person who made the :service." The affidavit of the sale "may" be made "by the person who officiated as auctioneer upon the sale." The power to make such affi-·davits is extended to no other persons. But affidavits of publication may be made by the publisher, or printer, or his foreman or princi-pal clerk. The affidavits of the affixing of copies of the notice of sale at or near the entrance of the courthouse, and in the book kept by the ·county clerk, may be made by the person or officer who affixed them, or by persons who saw them so affixed at least 84 days before the ·day of sale. Hence those who saw certain things done are competent witnesses to give evidence ex parte in the form of affidavits; but, as to the sale and service of notice thereof on the mortgagor, those who ·did the acts can alone testify to them in such form.

But the appellant contends that, as the statute at the time of this foreclosure provided that the affidavits of sale and service of notice thereof "may" be made by the auctioneer and person making service, persons otherwise competent, who have personal knowledge of such sale and service, may make the affidavits. The claim is that, when a statute confers power upon a person who does an act to give ex parte ·evidence that he did it, any other person who saw him do the act may .also give ex parte evidence that the act was done. This is a misappre-hension of the statute. The statute provides a permissive way for

executing the power of sale without the supervision of the court. The statute is precise, and must be followed with precision. Weir v. Birdsall, 27 App. Div. 404, 50 N. Y. Supp. 275. Every act done in the process of foreclosure is an act permitted by the statute, and without the statute may not be done. It confers descriptively upon persons doing acts, and in some respects upon persons who saw the acts accomplished, the capacity to become a competent witness out of court. It gives them immunity from cross-examination. It enables them to make a memorial of facts that shall be accepted in court as evidence. But as to the sale and service of notice thereof the statute picks the persons whom it will trust to exercise such unusual power. In the matter of the sale, it selects the central actor, the person who, to the knowledge of all present, in fact made the sale. It invests him alone with competency. It does not extend to any and all those seeing and hearing the act, whatever their relation to it, whatever their merit or responsibility, the ability to make a sworn statement of the event for solemn record in the book of deeds and for establishing prima facie the title to land. If Emma Bennett, widow and administratrix, may testify in the statutory form, any person in the attending crowd at the auction may do the same, and the power tendered by the statute to one person, viz., the auctioneer, becomes ambulatory and exercisable by any onlooker. When the statute says in effect that the auctioneer "may" make the affidavit, it is permissive, but carries permission only to the person who answers the description of the donee of the power.

The contention that the affidavits were received in evidence without objection, and are therefore equivalent in probative force to the affidavits contemplated by the statute, is not valid. A deed that conveys no title would not be evidence of title, although received without objection. Nor has the defendant the status of a mortgagee in possession. The defendant succeeds to the rights of the mortgagee (Townshend v. Thomson, 139 N. Y. 152, 161, 34 N. E. 891), but does not thereby become a mortgagee in possession. He cannot be such mortgagee unless he entered lawfully, or his possession becomes lawful by the conduct or acquiescence of the owner of the land. Judge Earl, in Townshend v. Thomson, supra, fully recognized that the assignee in bankruptcy, in whom was vested the equity of redemption, acquiesced in the possession, and the rule stated is thoroughly established. Howell v. Leavitt, 95 N. Y. 617; Barson v. Mulligan, 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151; Becker v. McCrea, 193 N. Y. 423, 86 N. E. 463.

In the case at bar, so far as the record shows, there was no service of notice of sale on the mortgagor, and no sale of the land in the attempted foreclosure; for there is no sufficient evidence thereof. What, then, connected with the foreclosure, made it lawful for the purchaser to enter upon the land? The foreclosure was void. A void proceeding could not give a right of entry. Certainly the mortgagor did not consent to it. The trial court found that he did not acquiesce in the possession. The defendant and those under whom he claims have held the land some 14 years. But the beginning of their possession was wrongful, and as the years have passed the possession, unlawful at its

inception, did not gradually change its complexion and become lawful, unless through the mortgagor's acquiescence. But there is no evidence that he knew of it during that time. The plaintiff testified that he visited the land "two years ago," and that defendant was then living there, and "four years ago," but did not know who lived there, and again "last summer, and talked to Mr. Haab." The defendant's evidence does not exhibit the plaintiff at the time of the visit to the farm as in an acquiescent mood. This evidence does not show that, with knowledge that a person purchasing under the mortgage was in possession, the plaintiff let him abide there so long as to sanction the possession. The defendant was a continuing trespasser. The plaintiff was not obliged to anticipate the trespass, to watch his land, lest it occur or continue, nor, upon discovering it, was he necessitated to end it speedily. A trespass does not incite the one offended to great diligence, lest the wrongful holding be converted into a rightful tenure.

The judgment and order should be affirmed, with costs. All concur, except MILLER, J., who dissents.

---

### In re MAVERICK'S ESTATE.

(Supreme Court, Appellate Division, First Department. December 10, 1909.)

TAXATION (§ 872*)—TRANSFER TAX ON ESTATE—BEQUEST EXEMPT—"FUNERAL EXPENSES."

    Reasonable cost of keeping a burial plot and monument in repair is properly a part of the "funeral expenses," exempt from the transfer tax on an estate; and so a bequest of $250, to be invested and the income used for such a purpose, is exempt.

    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 872.*

    For other definitions, see Words and Phrases, vol. 4, pp. 3007–3009.]

    McLaughlin and Ingraham, JJ., dissenting.

Appeal from Surrogate's Court, New York County.