## SECOND DEPARTMENT, SEPTEMBER, 1912.

PETER V. KETCHAM, Respondent, v. LOUIS DEUTSCH and Others, Impleaded with HENRY HAAB, Appellant.

### Mortgage — foreclosure — offsets.

Appeal from a judgment of the Supreme Court, entered in the office of the clerk of the county of Suffolk on the 1st day of March, 1912.

Judgment affirmed, with costs, on the opinion of Mr. Justice Putnam at Special Term. Hirschberg, Thomas, Carr, Woodward and Rich, JJ., concurred.

The following is the opinion of the Special Term:

PUTNAM, J.: This suit is a sequel to *Deutsch* v. *Haab* (135 App. Div. 756). The defendant, L. Deutsch, purchased the premises from one Eli Bennet on January 27, 1892, for $2,700, paying $700 cash and giving a mortgage back for $2,000. There was already a prior mortgage of $400. After Eli Bennet's death his administratrix, Mrs. Emma E. Bennet, filed a notice of foreclosure by advertisement in the county clerk's office, on February 9, 1894. On October twenty-fourth, following, Henry Marsh, the purchaser

on such foreclosure sale, deeded the property back to Mrs. Bennet and the heirs of Eli Bennet, which was followed by a deed from Emma E. Bennet and others to Rushton L. Bennet, a son of Eli Bennet, dated January 21, 1897. Mr. Rushton L. Bennet conveyed the property to Nathaniel Ketcham, who paid off the $400 mortgage, and thereafter conveyed the property, by covenants of warranty, to the defendant Henry Haab and brother, who went into possession and so remained until Henry Haab was defeated in the ejectment suit by Louis Deutsch. In that proceeding it was held that as the foreclosure by advertisement was ineffective the defendant Haab was wrongfully and unlawfully in possession. (135 App. Div. 756.) The present plaintiff, as the son of Nathaniel Ketcham, claims to be the assignee and owner of the mortgage that was defectively advertised, and now seeks to foreclose it, and further to have canceled the satisfaction piece of the earlier $400 mortgage which Nathaniel Ketcham paid off. The defendant Haab, who had been defeated in the ejectment suit, now claims equitable ownership of both these mortgages, and also counterclaims for his outlays while in occupation for repairs, taxes and insuring the buildings. In reply plaintiff sets up two mortgages, being for $500 and $300, which he urges against any equities of the defendant Haab. As the purchaser on the attempted foreclosure sale immediately reconveyed to the holder of the mortgage, the mortgagee continued to hold this mortgage as if no fore-- closure had occurred. The subsequent conveyance to Nathaniel Ketcham, while not passing title, operated in equity to assign to him the entire interest in the $2,000 mortgage. (*Jackson* v. *Bowen*, 7 Cowp. 13.) Hence, this interest as mortgagee entitled Nathaniel Ketcham to acquire the prior $400 mortgage, and his discharge of it can be still remedied in this proceeding. The doctrine that a mere volunteer cannot claim subrogation does not apply to Mr. Ketcham, since his paying off this $400 prior incumbrance was to protect his interest as holder of the $2,000 mortgage. Upon the discovery of the invalidity of the foreclosure proceedings, he would have been entitled to have this prior $400 mortgage kept alive to secure his outlay made under mistake. In 1902, Mr. Nathaniel Ketcham sold this property to defendant Haab and brother for $2,300. They gave back a purchase-money mortgage for $1,500 and paid to Mr. Ketcham in all $800. By the failure of title, this purchase-money mortgage is of no value. The defendant Haab having paid eight twenty-thirds of his purchase is, therefore, interested in that proportion in the two mortgages in question, with the estate of Nathaniel Ketcham and plaintiff as the representative owner of the remaining fifteen twenty-thirds of these securities. The sums due on the two mortgages from defendant Deutsch are as follows:

| | | |
|---|---:|---:|
| $2,000 mortgage..... ..................................... | $2,000 00 | |
| Interest from August 27, 1892, to January 23, 1912....... | 2,328 66 | |
| $400 mortgage................................... | $400 00 | |
| Interest November 13, 1896, to January 23, 1912.. | 303 88 | |
| | | 703 88 |
| | | $5,032 54 |

Of which above proportions are:

Eight twenty-thirds.......................... $1,750 44

Fifteen twenty-thirds........................ 3,282 10

                                           —— $5,032 54

It, however, appears that Mr. Haab had borrowed from Mr. Nathaniel Ketcham $500 on April 15, 1905, and $300 on January 3, 1908, and as security had given second mortgage on this property. These being independent loans on which the collateral has become worthless are proper offsets to the proportionate recovery herein otherwise due to the defendant Haab, as his equities against the estate of Nathaniel Ketcham are available only for the actual amount due to him after deducting what he owes to the estate. (Story Eq. § 1436.) The claim for improvements seems clearly to be barred by the ejectment proceedings, wherein a deduction for such credits was permitted under the Code (§ 1531). The judgment in that action (which has since been satisfied) barred further assertion of such claims for improvements. As a condition of this result, the plaintiff must surrender the various notes and mortgages of the defendant Haab, being the purchase-money mortgage of $1,500 and the subsequent securities for $500 and $300. Findings and judgment of foreclosure to be settled on five days' notice.

Bertram L. Aldrich, Respondent, v. Borden's Condensed Milk Company, Appellant, Impleaded with Nassau Electric Railroad Company, Defendant.— Judgment and order unanimously affirmed, with costs. No opinion. Present— Hirschberg, Burr, Thomas, Woodward and Rich, JJ.