(161 App. Div. 489)

HERRMANN et al. v. CABINET LAND CO.

(Supreme Court, Appellate Division, Second Department. March 13, 1914.)

MORTGAGES (§ 554*)—FORECLOSURE SALE—DEFECTS.

The purchaser at a foreclosure sale, which is void as against the owner of the equity of redemption because he was not made a party, becomes the assignee of the mortgage; and if he enters lawfully into possession, as by entering under the judgment of foreclosure and sale and the deed there-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon, he becomes the mortgagee in possession, and the owner of the equity cannot regain possession by ejectment.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1555; Dec. Dig. § 534.*]

Appeal from Special Term, Queens County.

Action by Anna M. Herrmann and others against the Cabinet Land Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

Merle I. St. John, of New York City, for appellants.
Lynn C. Norris, of Brooklyn, for respondent.

JENKS, P. J. The action is ejectment, and the question is whether the defendant Cabinet Land Company is entitled to the judgment that dismisses the plaintiffs upon the merits. The plaintiffs' demurrer to the said defendant's second defense was overruled, and thereupon a motion was made for judgment. In 1874, the land was conveyed to plaintiffs' intestate, subject to a purchase-money mortgage. In the foreclosure of that mortgage in 1897, an affidavit attached to the judgment roll purported to show personal service of the summons and complaint upon the said intestate in 1899, but the pleadings allege that he died in 1890. The purchaser at the foreclosure sale made in 1903 assigned his bid to the Anonymous Company, which completed the purchase, received the referee's deed in 1909, and thereupon conveyed to this defendant. The said defendant for its second defense, after recital of these matters, pleads:

"That thereafter and in or about March, 1909, this defendant entered peaceably into the actual possession of said lot No. 355, and it has continued and now is in possession thereof. That said entry was made under and by virtue of said judgment of foreclosure and sale and in reliance upon the fact that said Charles H. Schorr purported to have been actually served with the summons and complaint in said action and without any notice or knowledge whatsoever of the claim set forth in the complaint herein that the said Charles H. Schorr died before the date of said service and that he was not served in said action."

Even though the sale was void as against the owner of the equity of redemption, in that he was not made a party to the foreclosure suit, the purchaser at the foreclosure sale became the assignee of the mortgage, and, if he entered lawfully into possession, becomes a mortgagee in possession. Townshend v. Thomson, 139 N. Y. 152, 34 N. E. 891; Croner v. Cowdrey, 139 N. Y. 471, 476, 34 N. E. 1061, 36 Am. St. Rep. 716; Barson v. Mulligan, 191 N. Y. at page 320, 84 N. E. 75, 16 L. R. A. (N. S.) 151; Brobst v. Brock, 10 Wall. 519, 19 L. Ed. 1002; Bryan v. Brasius, 162 U. S. at page 419, 16 Sup. Ct. 803, 40 L. Ed. 1022; Romig v. Gillett, 187 U. S. 111, 23 Sup. Ct. 40, 47 L. Ed. 97; Phyfe v. Riley, 15 Wend. 248, 30 Am. Dec. 55; Lowenfeld v. Ditchett, 114 App. Div. 56, 99 N. Y. Supp. 724. The entry made pursuant to the judgment of foreclosure and sale and the referee's deed thereupon was "lawful" within the purview of the rule. A similar

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entry was said to be lawful and under color of right in Townshend v. Thomson, supra.   See, too, Romig v. Gillett, supra, 187 U. S. at page 117, 23 Sup. Ct. 40, 47 L. Ed. 97.   The cases cited by the learned counsel for the appellant can be discriminated.   In Howell v. Leavitt, 95 N. Y. 617, the possession was obtained by what the court described as a "trespass" and by force.   In Deutsch v. Haab, 135 App. Div. 756, 119 N. Y. Supp. 911, the court animadverts to the fact that there had been no sale under the attempted foreclosure, and the question now up was not before the court.   In Barson v. Mulligan, 191 N. Y. 306, at page 313, 84 N. E. 75, at page 78 (16 L. R. A. [N. S.] 151), the question was whether "a mortgagee who takes possession of the mortgaged premises as tenant under a lease from a life tenant can become a mortgagee in possession without the consent of the mortgagor," and the point of the decision is that one who enters as a lessee could thereby not hold over as a mortgagee any more than he could acquire lawful possession by force or fraud.   191 N. Y. 322, 84 N. E. 75, 16 L. R. A. (N. S.) 151.   Constant v. Barrett, 13 Misc. Rep. 249, 34 N. Y. Supp. 163, presented a somewhat similar question.   In Becker v. McCrea, 193 N. Y. 423, 86 N. E. 463, 23 L. R. A. 754, the question was whether a mortgagee in possession could set up title of "adverse" possession against the right of redemption.   There had been a foreclosure suit which went to judgment, but there was no sale thereunder.   Hoye v. Bridgewater, 134 App. Div. 255, 118 N. Y. Supp. 951, but recognizes a general principle that consent of the mortgagor is necessary to constitute a mortgagee in possession, which is not applicable when the possession is acquired as it was in the case at bar.

The rule of Townshend's Case, supra, is not confined to the mortgagee as a purchaser at the sale, or to his assignee, but applies to any purchaser.   Section 1632, Code of Civil Procedure; Continental Insurance Co. v. Reeve, 135 App. Div. 737, 119 N. Y. Supp. 901.   Shriver v. Shriver, 86 N. Y. 575, contra, relies wholly upon Watson v. Spence, 20 Wend. 260, which was decided in 1810, prior to the enactment of the said section of the Code or of its parent statute (2 R. S. [1st Ed.] 192, pt. 3, c. 1, § 158).

The judgment is affirmed, with costs.   All concur.