By the Court.—Ingalls, J.
[After stating the facts.]—It is obvious to persons who are familiar with such proceedings, that if they are intelligently conducted, much time and attention are required even when free from extraordinary complication. The investigation in regard to title and incumbrances, adjusting the interests of the various parties, which are necessarily involved in an ordinary partition, require care and consume time. . These services must be rendered at the commencement of the action, and in the majority of cases constitute the greater proportion of the labor involved in conducting such an action.
We can readily perceive that the proceedings in these actions must have consumed considerable time in making the necessary examinations preparatory to commencing the actions. The amount involved appears to have been about $45,000, and the matter was complicated. When the actions were commenced, the parties were evidently hostile, but subsequently established amicable relations and then became desirous to discontinue the proceedings which were commenced by Mr. Sloan, upon the most reasonable terms for themselves, offering to pay him simply taxable costs. The court has interposed its authority to prevent the parties from depriving the attorney of the compensation to which he is reasonably entitled for the services *139 which he has rendered at the instance of the plaintiff and for which she has agreed to pay him. The court is authorized to prescribe the terms upon which an action shall be discontinued when the compensation of the attorney is involved, as in these cases. After a full hearing the court, at special term, prescribed the terms upon which the action might be discontinued, and the relation of the attorney to the controversy terminate. This decision involved the exercise of discretion and therefore should not be reversed by this court, unless the facts show a clear abuse of such discretion.
The question here presented is not whether as an original application this court would in the exercise of its discretion prescribe the same terms. We do not discover that the court adopted an erroneous basis in adjusting the allowances, except in one particular, which is comparatively trifling in amount, nevertheless the party is entitled to have it corrected, as the objection has been' raised. The error was in allowing full percentage under section 308 of the code instead of $30, one-half percentage, as no judgment was rendered in the action, which, according to our understanding of that provision of the code, is required to entitle a party to the full amount, not exceeding $60. The allowance therefore could only be made under the last clause of the section, as upon a settlement of the action, and only for one-half the percentage, which in this case amounts to $30.
There has not been strictly a settlement so far as the facts disclose, but we conclude that sufficient appears to justify the court in holding that, so far as the rights of the attorney are concerned, that which has occurred is equivalent thereto, as the parties have interposed to prevent the action from proceeding to judgment, under the direction of Mr. Sloan, as attorney. This question only becomes material, from the fact that the court adopted this basis in deter *140 mining the amount of the attorney’s compensation, and made a specific allowance under the section of the code, and consequently the party is entitled to have it correctly interpreted. It is probable that the attention of the learned judge was not directed to the particular reading of the section.
The court was justified in holding that the actions were difficult and extraordinary within the meaning of the code, as the same has been repeatedly construed. Whether an action should be so regarded, rests substantially in the judgment and discretion of the judge to whom the application is made, and the determination of the question usually involves so many considerations which are addressed to the discretion of the judge, that the appellate court rarely interferes. The practice in regard to reviewing ’ orders involving the exercise of discretion is very intelligently stated by Mr. Waite in his valuable work on Practice, vol. 1, page 465. Indeed, in actions for the partition of real property, the code expressly authorizes such allowance (§ 309 of Code of Procedure).
The amount allowed seems quite considerable, but it is within the prescribed limits, and the facts indicate a corresponding amount of work on the part of the attorney, who received from his client a written contract by which, if the actions had been continued by him to the conclusion which was contemplated when he was retained, probably a much larger compensation would have been received by him. There seems to have been no cause for complaint against the attorney, nor does it appear that he was wanting in ability, industry, or integrity in conducting the business.
We conclnde that $30 should be deducted, and otherwise the orders appealed from should be affirmed. Ho costs of the appeal should be allowed to either party.