(118 App. Div. 459)

### ROWE v. GRANGER et al.

(Supreme Court, Appellate Division, Third Department. March 13, 1907.)

1. EXECUTION—COMPLETED SALE.

Where the person to whom the property is struck off at execution sale does not at the time pay the amount of his bid, but merely offers to do so, and is told by the sheriff to let it go till the next day, there is no completed sale, so as to entitle him to the property on making tender the next day; the sheriff being authorized to sell only for cash.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 654.]

2. JUDGMENT—RES JUDICATA—IDENTITY OF PARTIES—BAILOR AND BAILEE.

Where one buying property at execution sale leaves it with the sheriff to be delivered to him next day, the sheriff is a bailee thereof for such purchaser, so that the latter is concluded by a judgment in an action brought, before such delivery was made, by third persons against the sheriff for the property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1220.]

3. COSTS—JOINT DEFENDANTS—SEPARATE COSTS.

Defendants appearing and answering by separate attorneys are entitled to separate bills of costs; it not being shown that they are united in interest, or collusively appeared by separate attorneys in bad faith to enhance costs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 360.]

4. APPEAL—REVIEW—DISCRETION OF COURT—EXTRA ALLOWANCE.

Whether an action is difficult and extraordinary, within Code Civ. Proc. § 3252, relative to extra allowance, is a question addressed to the discretion of the trial court, so that its determination is reviewable only for abuse of discretion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3888.]

Appeal from Special Term, Albany County.

Action by Thomas C. Rowe against William E. Granger and others. From a judgment for defendants, and from an order denying a motion for retaxation of costs, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Andrew J. Nellis, for appellant.
John Cadman, for respondents.

SEWELL, J. The principal question in this case is whether the sale by the sheriff of the property in question was completed. The property was duly exposed for sale October 6, 1904, under executions issued against the property of the Yuengling Hudson New York Breweries, and was bid off by the appellant for about $1,600. On the day of sale, the appellant offered to pay the amount of his bid, and the sheriff said: "Let it go until to-morrow morning. Then you can pay

for it and take it away." The next morning, before the appellant offered to pay the amount bid, the property was taken from the possession of the sheriff by the coroner, under a requisition issued in an action in which the defendants herein were plaintiffs and the sheriff was defendant. The action was brought to trial, and a judgment was entered in favor of the defendant therein, which awarded him the possession of the property, or $2,000, "in case the possession thereof is not delivered to the defendant." April 27, 1905, the plaintiffs in that action paid to the sheriff the amount directed to be paid in lieu of the delivery of the property, and retained possession. On the same day the plaintiff herein tendered to the sheriff the amount bid by him at the sale, less $50 paid October 8, 1904, which the sheriff refused to receive.

The appellant contends that there was a valid sale of the property in question, and that it was complete when it was struck off to him. We are of the opinion that this claim is not well founded. It is not enough that property is bid off at a sale upon execution. The legal title is not divested or transferred, nor is the execution satisfied, by the single act of bidding it off. In such a sale, as in all sales at public auction, three things are necessary to consummate it: There must be a bidder, the property must be "struck off" or "knocked down," and the bidder must complete his purchase by complying with the terms of the sale. It is too well settled in this state to be questioned that a sheriff must sell for cash, that payment of the amount bid is one of the conditions of the sale imposed by law, and that, if a bidder to whom property is struck off refuses or omits to make payment, the sheriff must avoid the sale and resell it. This rule is intended to protect the defendant in the execution, as well as the judgment creditor, by securing to the former the continuing right of ownership until the amount bid for the property is actually paid.

Applying this rule to the present case, it is seen that the appellant did not obtain title to the property in question, but only a right to acquire it by paying the purchase money and perfecting the sale, which it is admitted he did not do. This doctrine was held and expressed in the case of Holmes v. Richmond, 19 Hun, 634. In that case the sheriff offered the property for sale on an execution, and it was struck off to one Swinburne & Co., who said they were not ready to pay then, but would pay the bid in the morning when the banks were open, and the sheriff assented to giving them the time until the next morning at 10 o'clock. The next morning, before Swinburne & Co. appeared to pay their bid, one of the defendants in the executions appeared at the sheriff's office and paid the amount of the execution to the sheriff. Afterwards Swinburne & Co. appeared and offered to pay their bid, but the sheriff refused to receive it. The court, at General Term, said:

"We think the nonsuit was entirely correct. The first sale was not completed, but the sheriff gave the bidder time to pay the money bid, which he had no authority for doing. He could not make a valid sale except for cash, and the sale was not complete until the payment of the money bid."

It is not necessary, however, in order to support the judgment, to maintain that the appellant did not acquire a good title to the property. If it be assumed that the title to the property passed to him when it

was struck off at the sale, that there was a constructive delivery to the sheriff, and the property was left with him to be delivered upon a subsequent occasion, it follows that the sheriff was a bailee, that he represented the appellant in the former action, and held the amount paid in satisfaction of the judgment recovered therein in trust for him. Under such circumstances there can be no doubt that the judgment bars this action as effectively as though the former action had been brought directly against the plaintiff herein. As was said by the court in Baird v. Daly, 57 N. Y. 245, 15 Am. Rep. 488:

"A recovery, either by the bailor or the bailee, is a bar to an action by the other party." Green v. Clarke, 12 N. Y. 343.

The appeal from the order denying the motion for a retaxation of costs presents the question whether the defendants, who separately appeared and answered, were properly permitted to tax separate bills of costs. The rule, in an action at law, is that defendants appearing and answering by separate attorneys are entitled to separate bills of costs, and that this right can only be defeated by showing that the parties are united in interest or collusively appeared by separate attorneys in bad faith for the purpose of enhancing the costs. Williams v. Cassady, 22 Hun, 182. No fact is stated in the affidavits submitted which justify the conclusion that the separate appearances were collusive or for the purpose of enabling the defendants to tax more than one bill of costs. They were not partners, and were under no obligations, either in law or fair dealing, to unite in their defense, and therefore are entitled to separate bills.

Whether this action should be regarded as difficult and extraordinary, within the meaning of section 3252 of the Code, was a question addressed to the discretion of the trial court; and, as was said in Byron v. Durrie, 6 Abb. N. C. 140:

"The determination of the question usually involves so many considerations which are addressed to the discretion of the judges that the appellate court rarely interferes."

We think there was no abuse of discretion in the present case, and that the order denying retaxation, as well as the judgment herein, should be affirmed, with costs. All concur.