he states on information and belief. The court, not he, must decide the fact. If the conversations referred to had been stated, the court might conclude that they did not justify that belief, or a finding by the court in accordance with it. The further statement that the defendant's letter heads show that he has an office in Philadelphia and a manufacturing plant at Norristown is not sufficient to establish nonresidence. The ground of the attachment was that the defendant was a nonresident. See subdivision 2, § 636, of the Code of Civil Procedure. The court was required to find as a fact that the defendant was a nonresident before granting the order; but the papers before it disclose nothing upon which to base such a finding, except the opinion of one of the plaintiffs, and that does not suffice.

The order should be reversed, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.

---

CONTINENTAL INS. CO. v. REEVE et al.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

1. MORTGAGES (§ 534*)—FORECLOSURE—TITLE OF PURCHASER.

Under Code Civ. Proc. § 1632, prescribing the effect of a conveyance under a judgment foreclosing a mortgage, the purchaser acquires the title to the mortgaged premises which the mortgagor and mortgagee had at the execution of the mortgage, and the title of any person claiming through the mortgagor after such date, free from any liens or incumbrances which have subsequently accrued thereon, provided the persons claiming such title or liens are made parties defendant to the action.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1555; Dec. Dig. § 534.*]

2. MORTGAGES (§ 517*)—FORECLOSURE SALE—NATURE OF BID—RIGHT TO WITHDRAW.

A bid at a foreclosure sale is an offer to purchase all the title which the mortgagor and mortgagee had at the execution of the mortgage, and the title of any person claiming through the mortgagor after such date, free from any liens or incumbrances which have subsequently accrued thereon; and such bid, when accepted, so far constitutes a contract that the bidder may not withdraw it, except under circumstances which would justify the rescission or reformation of an ordinary contract for the sale of land.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 517.*]

3. MORTGAGES (§ 565*)—PROCEEDS ON FORECLOSURE—RIGHTS OF JUNIOR MORTGAGEE.

A junior mortgagee is, in legal effect, a party to the contract of sale under foreclosure, and under the rule relating to the marshaling of assets can demand that rents from the mortgaged premises in the receiver's hands shall be first applied to payment of the mortgagee's claim, before resorting to the proceeds of the sale.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 565.*]

4. MORTGAGES (§ 517*)—FORECLOSURE—REFORMATION OF BID.

Where, at the foreclosure of a mortgage, the rights of a junior mortgagee were involved, the purchaser was not entitled to a reduction of its bid, on the ground of an agreement that it should purchase at a price exactly sufficient to pay the mortgage, costs, expenses, etc., and of a mistake whereby the bid made and accepted was too large, where it did not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

appear that the junior mortgagee, or any one authorized to act for it, had agreed as to the price to be bid.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 517.*]

Appeal from Special Term, Kings County.

Action, by the Continental Insurance Company against Julia B. Reeve and others. From an order reducing the amount of plaintiff's bid at a foreclosure sale, certain defendants appeal. Reversed, and motion denied, without prejudice.

Argued before JENKS, BURR, THOMAS, RICH, and MILLER, JJ.

Charles S. Carrington, for appellant Lotus Realty Company.

Lynn C. Norris, for appellant City Real Estate Company.

William N. Dykman, for respondent.

BURR, J. By a sale under a judgment of foreclosure, and the delivery of the deed in accordance with the terms thereof, the purchaser acquires all of the title to the mortgaged premises which the mortgagor and the mortgagee had at the date of the execution of the mortgage. In like manner he acquires, also, all of the title of any person claiming through the mortgagor after the said date, free from any liens or incumbrances which have subsequently accrued thereon, provided the persons claiming such title or liens are made parties defendant to the action. Code Civ. Proc. § 1632; Rector, etc., v. Mack, 93 N. Y. 488, 45 Am. Rep. 260. A bid at a foreclosure sale may be deemed an offer to purchase all of the title of the above-named persons to the said property; and such bid, when accepted, so far constitutes a contract that a bidder may not withdraw his bid, except under circumstances that will justify the rescission or reformation of an ordinary contract for the sale of land. 24 Cyc. 29. The order made in this case, which reduces the amount of plaintiff's bid upon the foreclosure sale, amounts to a reformation of the contract so far as the purchase price is concerned. If it can be sustained, it must be because the parties have established themselves upon some of the recognized grounds of equitable relief.

There is no claim that the bid of the plaintiff was induced by any fraudulent conduct upon the part of any of the persons connected with the transaction. If the plaintiff and the defendant the Lotus Realty Company were the only parties concerned, it might be that the contract of purchase could be reformed, upon the theory that they had orally agreed that the plaintiff should purchase the property at a price which should be exactly sufficient to pay the amount of the mortgage debt, the costs and expenses of the action, and the sale and the taxes which were liens thereon, and that, when the parties came to formally express this agreement through the bid and its acceptance, by mutual mistake the sum named as the purchase price was too large. But in legal effect there was a third party to the contract of sale, the defendant City Real Estate Company, which held a junior mortgage upon the premises, and which is entitled, so far as the record discloses, to any surplus of the proceeds of sale that may remain after plaintiff's claim is satisfied.

As to this defendant there is no evidence of any agreement by it, or by any one authorized to act for it, as to the price at which the plaintiff should purchase the property, and there was no mutual mistake in the contract. The City Real Estate Company is a party affected by the decision made in this case, because, under the well-established rules of equity respecting the marshaling of estates, it is entitled to demand that the rents in the receiver's hands shall be first applied to the payment of plaintiff's claim, and that it shall exhaust this fund before resorting to the proceeds of sale. Keogh v. McManus, 34 Hun, 521. This will leave a balance of such proceeds applicable to the payment of said defendant's claim by way of mortgage.

The plaintiff does not stand here asking for a rescission of the sale, but only for a reformation of the contract of sale. In the absence of evidence that the property is worth less than the amount which plaintiff bid for it, it may be doubted whether even rescission could be had. But, if entitled to rescission for the reason above stated, it clearly is not entitled to the relief granted by the order appealed from. The statement in Fisher v. Hersey, 78 N. Y. 387, that, where a party is entitled to some relief, "the question whether the relief should be a reduction of the bid, or a resale, was purely one of discretion," was obiter dictum in that case, and we do not feel constrained to follow it.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice to an application on the part of the plaintiff to rescind the sale, if it is so advised. All concur.