WATSON & PITTINGER v. HOBOKEN PLANING MILLS CO. et al.

(Supreme Court, Appellate Division, Second Department. March 20, 1913.)

1. CARRIERS (§ 197*)—CARRIERS OF GOODS—LIEN FOR CHARGES—PRIORITY.

The right and title of a shipper of goods is subordinate to the carrier's lien for its charges.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 891–900; Dec. Dig. § 197.*]

2. EXECUTION (§ 227*)—SALE—TERMS OF PAYMENT.

On execution sale a sheriff is bound to sell for cash.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 641; Dec. Dig. § 227.*]

3. EXECUTION (§ 238*)—SALE—VACATING SALE—MISTAKE AS TO TERMS OF SALE.

The representative of a carrier which had a lien on goods about equal to their value was present at an execution sale advertised to be of all the shipper's leviable title and interest therein, and stated that he would bid a sum sufficient to protect the lien, but that he would not have to pay, but the sheriff did not agree that upon such bid he would turn over the goods to the carrier in satisfaction of its lien. Held, that any mistake as to the terms and effect of its bid was unilateral and one of law, not available to the carrier in derogation of its liability on its bid.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 662–664, 665; Dec. Dig. § 238.*]

Appeal from Special Term, Kings County.

Action by Watson & Pittinger against the Hoboken Planing Mills Company and the Long Island Railroad Company. From an order on motion of the Railroad Company vacating a sale of personal property and directing a resale, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Michael M. Helfgott, of Brooklyn, for appellant.

Joseph F. Keany, of New York City (Edward Kelly, of New York City, on the brief), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

JENKS, P. J.  Under plaintiff's execution for $319.23 the sheriff levied upon certain lumber consigned to the defendant, but in possession of the Long Island Railroad as common carrier, which asserted a carrier's lien upon the lumber for $405.99.  At the auction sale under the levy the lumber was struck down to a representative of the carrier upon a bid of $406.99.  The carrier refused to complete its purchase because the sheriff would not credit the amount of its lien upon its bid, but insisted upon a cash payment of the entire sum.  Some time thereafter the carrier moved at Special Term to vacate the sale and for a resale.  This appeal is taken by the plaintiff from the order that granted such motion.

The mover's affidavits show that the carrier's representative at the time of sale and prior to the bidding informed the sheriff conducting the sale, and the bystanders, of the amount of the charges due his principal for freight, and then said that he would simply bid a sum sufficient to protect that lien.  And such affidavits further show that lumber was not worth "anything more than" the amount of the said bid. It appears that the advertisement of sale contained this description:

"All the leviable right, title and interest that the Hoboken Planing Mill Company and Walter S. Taylor had in and to two car loads of lumber now located," etc.

And the affidavits in opposition show that at the opening of the sale the sheriff announced to the bystanders, including the representative of the carrier then present, that the freight charges must be paid before the lumber could be removed, and that the representative of the common carrier then said that if the carrier became the purchaser it would not have to pay, but that the deputy sheriff, neither then nor at any time, informed such representative or agreed that the sheriff would turn over the lumber to the carrier, if a purchaser, in satisfaction of the carrier's said claim.

The learned Special Term was of opinion that a "mistake" was apparent upon the face of the papers, without the bid was made upon a misapprehension, and that therefore justice required the relief prayed for.  But the sale was not for the benefit of the carrier, but under the execution issued for satisfaction of the judgment.

[1] And the sale was expressly represented to be of whatever right, title, or interest the judgment debtor had in the lumber.  But that right, title, and interest, as it appears, was subordinate to the carrier's lien. Campbell v. Conner, 70 N. Y. 424.

[2, 3] And this purchaser had actual notice of its own lien as a carrier.  It matters not what the purchaser thought it had the right to do as a purchaser perforce of its status as a carrier, or that it saw fit to announce its intentions as a purchaser in pursuance of its supposed rights as a carrier.  The sheriff was bound to sell for cash.  Rowe v. Granger, 118 App. Div. 459, 103 N. Y. Supp. 439; Holmes v. Richmond, 19 Hun, 634.  The mistake was unilateral and one of law, unavailable to the purchaser in derogation of its contract obligation arising from that purchase.  See Continental Insurance Co. v. Reeve, 135 App. Div. 737, 119 N. Y. Supp. 901; Benedict v. Jones, 18 Hun, 527.

The order must be reversed, with $10 costs and disbursements.  All concur.