(172 App. Div. 760)

## CARSTENS v. LOCASTO et al.

(Supreme Court, Appellate Division, Second Department. May 26, 1916.)

1. JUDICIAL SALES ⟨⟩52—RELIEF FROM BID.
   While a contract made at judicial sale is with the court, and not with some of the parties to the action or proceeding, yet the court acts as a representative of the parties, and, under proper circumstances, may relieve a purchaser from his bid, where no injury will result to the parties.
   [Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 100–103; Dec. Dig. ⟨⟩52.]

2. MORTGAGES ⟨⟩524—SALE—ENFORCING BIDS—ESTOPPEL.
   Where the son of a mortgagee, at foreclosure sale, without authority from his mother, stated to a second mortgagee, who was bidding, that his mother would permit $7,500 of the price to remain on mortgage, if the second mortgagee bought in the property and she got all her money out of it, the mother was not guilty of fraud, estopping her from enforcing the second mortgagee's bid after repudiating her son's representation.
   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1524; Dec. Dig. ⟨⟩524.]

3. MORTGAGES ⟨⟩515—FORECLOSURE—CONTRACT.
   The undertaking of a mortgagee's son, at sale of the property on foreclosure, that if a second mortgagee, who was bidding, would buy in the property at such a price that the first mortgagee would get all her money out of it, she would permit $7,500 of the bid to remain on bond and

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

mortgage, was too vague for enforcement, as it did not cover the time of the running of the proposed mortgage nor the rate of interest payable.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1517; Dec. Dig. ☞515.]

**4. MORTGAGES ☞529(1)—FORECLOSURE SALE—VACATION—INJURY TO OWNER OF EQUITY.**

A judicial sale of mortgaged property on foreclosure will not be vacated by refusal to enforce the purchaser's bid, where injury may result to the owner of the equity of redemption by a new sale, with a deficiency judgment against him.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1537; Dec. Dig. ☞529(1).]

Appeal from Kings County Court.

Action by Catharina M. Carstens against Fred Locasto and others to foreclose a mortgage. From an order, on motion by plaintiff to compel George M. Schinzel, purchaser of realty sold under judgment in the action, to complete his purchase, as resettled by the court, plaintiff appeals. Order reversed, and motion granted.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Gustav Lange, Jr., of New York City (Charles F. White, of New York City, on the brief), for appellant.

George M. Schinzel, of Brooklyn, for respondent.

CARR, J. This is an appeal from an order of the County Court of Kings County, on motion made by the plaintiff to compel one Schinzel to complete the purchase of certain real property which had been sold under the judgment in this action.

[1-4] The situation is novel in its facts. The action was to foreclose a mortgage. The usual judgment followed, and a referee was appointed to sell. The premises were offered for sale at a public auction, and were struck down to Schinzel at his bid of $9,800. He paid the referee, by his check, the sum of $980, as 10 per cent. of the purchase price, and signed the usual terms of sale, which in this case provided for the sale of the premises free and clear of all incumbrances, and for the payment of the purchase price to the referee on a fixed date. Thereafter the purchaser, Schinzel, refused to complete his purchase according to the terms of sale, claiming that there had been an agreement between him and the plaintiff's agents that she would allow the sum of $7,500 to remain on bond and mortgage on the premises, and that she had refused to do, and demanded cash for the entire purchase price. The County Court made an order, now appealed from by the plaintiff, requiring Schinzel to complete the purchase, provided the plaintiff would accept a bond and mortgage for $7,500, but, if not, then denying the plaintiff's motion. The order contained no directions as to the deposit paid to the referee by the purchaser. The plaintiff was not present at the sale. Her brother was present and bid upon the property; no agency is shown as to the brother. Her attorney, Mr. Jacobs, was present, and bid upon the property; his plan being to bid up to the full amount fixed by the

judgment of foreclosure, if there were other bidders. Schinzel, the purchaser, was also a second mortgagee to the extent of the sum of $800. Unless the property brought $9,800, there would be a deficiency on the plaintiff's bond and mortgage. If it brought more than that, Schinzel might realize something on his second mortgage. The plaintiff's brother, presumably acting on his own account, had bid $9,200. Jacobs sought to induce Schinzel to bid up to $9,800. During Jacobs' conference with Schinzel, bidding was suspended. Jacobs had told Schinzel that he believed the plaintiff would permit the sum of $7,500 out of the purchase price to remain on bond and mortgage upon the premises. The latter asked Jacobs if he was sure about this. Then, while bidding was suspended at the request of Jacobs, the latter took Schinzel to Henry Carstens, the son of the plaintiff, and who was standing by. In the presence of Schinzel, Jacobs said to Carstens:

"Will your mother permit $7,500 to remain on mortgage if Mr. Schinzel buys in this property and she gets all her money out of it?"

Carstens said that his mother would do so. Thereupon Schinzel made the bid of $9,800 and the property was struck down to him. There is no controversy about these facts. The plaintiff submitted no affidavit from Henry Carstens, and her attorney on this motion objected to the taking of any testimony from Henry Carstens by the court at Special Term. The plaintiff, however, has insisted upon the payment of the whole purchase price in cash. She deposes that her son had no authority to represent her at the sale. She argues, furthermore, that the terms of sale signed by the purchaser constituted a complete contract between the purchaser and the court, and that no parol proofs tending to vary the express written terms of the contract can be considered by the court. While the contract made at a judicial sale is with the court, and not with some of the parties to the action or proceeding, yet the court acts as a representative of the parties, and may, under proper circumstances, relieve a purchaser from his bid where no injury will result to the parties. Fisher v. Hersey, 78 N. Y. 387. It has been held by this court (Continental Insurance Co. v. Reeve, 135 App. Div. 737, 119 N. Y. Supp. 901) that the circumstances under which such relief may be granted must be such as would justify the rescission or reformation of an ordinary contract for the sale of land. The purchaser here has made no application to be relieved of his bid. Nor has he made out a case of fraud upon the part of the plaintiff which should estop her from enforcing the bid. The understanding as to the plaintiff's willingness to accept a bond and mortgage as a part of the purchase price in the judicial sale is too vague for enforcement, as it did not cover the time of the running of the proposed mortgage nor the rate of interest payable on the principal sum thereof. Furthermore, if the sale should be vacated, for a refusal to enforce the sale is practically a vacation thereof, injury may result to the owner of the equity of redemption, in that a new sale may result in a deficiency judgment against him.

The order of the County Court of Kings County should be reversed, with $10 costs and disbursements, and the motion of the plaintiff granted, with $10 costs. All concur.