WATSON & PITTINGER, Appellant, *v.* HOBOKEN PLANING MILLS COMPANY, Defendant, Impleaded with LONG ISLAND RAILROAD COMPANY, Respondent.

Second Department, March 20, 1913.

**Vendor and purchaser — sheriff — sale on execution — right of purchaser to credit lien — cash sale — mistake of law.**

Where upon a sheriff's sale on execution of a quantity of lumber in the possession of a common carrier, which asserted a carrier's lien thereon, the sale was expressly represented to be of whatever right, title or interest the judgment debtor had in the lumber, a sale to a representative of the carrier for a sum sufficient to protect its lien should not be vacated upon the ground that the sheriff would not credit the amount of the lien upon the bid.

The mistake of the purchaser was unilateral and one of law, and unavailable in derogation of the contract of purchase.

A sheriff conducting a sale on execution is bound to sell for cash.

APPEAL by the plaintiff, Watson & Pittinger, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 12th day of December, 1912, vacating a sale of personal property made by the sheriff of Kings county, and directing a resale thereof upon the application of the purchaser.

*Michael M. Helfgott,* for the appellant.

*Joseph F. Keany* [*Edward Kelly* with him on the brief], for the respondent.

JENKS, P. J.:

Under plaintiff's execution for $319.23 the sheriff levied upon certain lumber consigned to the defendant, but in possession of the Long Island railroad as common carrier, which asserted a carrier's lien upon the lumber for $405.99. At the auction sale under the levy the lumber was struck down to a representative of the carrier upon a bid of $406.99. The carrier refused to complete its purchase because the sheriff would not credit the amount of its lien upon its bid, but insisted upon a cash payment of the entire sum. Sometime thereafter the carrier moved at Special Term to vacate the sale and for a resale. This appeal is taken by the plaintiff from the order that granted such motion.

The mover's affidavits show that the carrier's representative at the time of sale and prior to the bidding informed the sheriff conducting the sale, and the bystanders, of the amount of the charges due his principal for freight, and then said that he would simply bid a sum sufficient to protect that lien. And such affidavits further show that lumber was not worth " anything more than " the amount of the said bid. It appears that the advertisement of sale contained this description: " All the leviable right, title and interest that the Hoboken Planing Mill Company and Walter S. Taylor had in and to two carloads of lumber now located," etc. And the affidavits in opposition show that at the opening of the sale the sheriff announced to the bystanders, including the representative of the carrier then present, that the freight charges must be paid before the lumber could be removed, and that the representative of the common carrier then said that if the carrier became the purchaser it would not have to pay, but that the deputy sheriff, neither then nor at any time, informed such representative or agreed that the sheriff would turn over the lumber to the carrier, if a purchaser, in satisfaction of the carrier's said claim.

The learned Special Term was of opinion that a " mistake "

was apparent upon the face of the papers, in that the bid was made upon a misapprehension, and that, therefore, justice required the relief prayed for. But the sale was not for the benefit of the carrier, but under the execution issued for satisfaction of the judgment. And the sale was expressly represented to be of whatever right, title or interest the judgment debtor had in the lumber. But that right, title and interest, as it appears, was subordinate to the carrier's lien. (*Campbell v. Conner*, 70 N. Y. 424.) And this purchaser had actual notice of its own lien as a carrier. It matters not what the purchaser thought it had the right to do as a purchaser perforce of its status as a carrier, or that it saw fit to announce its intentions as a purchaser in pursuance of its supposed rights as a carrier. The sheriff was bound to sell for cash. (*Rowe v. Granger*, 118 App. Div. 459; *Holmes v. Richmond*, 19 Hun, 634.) The mistake was unilateral and one of law, unavailable to the purchaser in derogation of its contract obligation arising from that purchase. (See *Continental Insurance Co. v. Reeve*, 135 App. Div. 737; *Benedict v. Jones*, 18 Hun, 527.)

The order must be reversed, with ten dollars costs and disbursements.

BURR, CARR, RICH and STAPLETON, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.