SEYMOUR HAYMAN et al., as Copartners, etc., Plaintiffs, *v.* ARTHUR J. MORRIS et al., Defendants.

Supreme Court, Special Term, New York County, December 16, 1942.

*Copal Mintz* for plaintiffs.

*Jay Leo Rothschild* for defendants Morris et al.

*Martin Taylor* for defendant Tucker.

*MacIntyre, McNally & Downey* for defendant Miller.

EDER, J.  I am of the opinion that the plaintiffs' contention, that but a single bill of costs may be allowed, is untenable.  It is also my view that the defendant Miller is'entitled to a separate bill of costs.  A separate answer was served by the defendant Tucker, who appeared by Mr. Taylor as his attorney.  The other defendants united in a single answer, in which defendant Miller joined, and appeared by Mr. Rothschild as their attorney; later Mr. MacIntyre was substituted as attorney for the defendant Miller.

The costs which were awarded to the defendants were granted in the exercise of discretion.  Where defendants are united in interest but a single bill of costs is allowed — in the instant case such was not the status of the defendants — the test prescribed is this:  If the interest of the parties in the subject-matter is such that they stand or fall together and judgment against one will similarly affect the others, then they are united in interest. (*Prudential Insurance Co.* v. *Stone,* 270 N. Y. 154, 159.)

Here, had the court believed the claims of the plaintiffs a decree could have passed as to some of the defendants and the bill dismissed as to the others; the judgment against those defendants would not have similarly affected the others and, hence, the defendants were not united in interest.  Whatever unity of interest existed was merely in the common effort of the defendants to accomplish the dismissal of what they regarded as an unfounded suit — so ultimately decided by this court (*Hayman* v. *Morris,* 36 N. Y. Supp. [2d] 756) — manifestly an entirely different matter.

For these reasons it is my conclusion that the defendants are not limited to but one bill of costs.  It may be remarked, also, that there is no claim that different attorneys were retained and separate answers served to increase the costs.  The defendant Tucker and the other defendants are each entitled to tax separate bills of costs.  My attention has not been directed to any case, nor have I found any by independent research, which denies this construction.

As to the defendant Miller, it is true that in the answer served on behalf of the other defendants he was named and included as one of them and that they all appeared by the same attorney; ordinarily, therefore, these defendants could have but one bill of costs.  Here, however, defendant Miller changed his attorney shortly before trial, for reasons he deemed proper and adequate, and Mr. MacIntyre appeared for him at the trial and participated therein on his behalf.  There is no claim that the substitution was brought about to procure an increase in costs; the good faith of the substitution is not questioned.

In my opinion, then, in this situation the substitution is, for all practical purposes, to be viewed as if Mr. MacIntyre had appeared for Miller originally and had served a separate answer on his behalf; in that case there would be no room for the interposition of such a contention as is now advanced by the plaintiffs. The fact is that at the trial this defendant Miller was separately represented by Mr. MacIntyre as his substituted attorney of record, and this necessarily carries with it his appearance and the service of the answer for the purpose of an allowance of costs; a different construction would result in ignoring actuality. On the other hand, a practical construction leads to a reasonable result and substantial justice; and a reasonable construction of a statute is always desirable where permissible.

The defendant Miller is also entitled to tax a separate bill of costs.

As to the stay desired, a stay beyond the thirty days' limitation must be obtained in the manner prescribed by the statute. (See Civ. Pr. Act, §§ 614, 886.)

The provision desired to be inserted in the decree, keeping it open for additional provisions at the foot thereof, is unnecessary; the sole purpose is to enable the plaintiffs to apply at some future time for an allowance of an attorney's fee and disbursements under the provisions of section 61-a of the General Corporation Law (Cons. Laws, ch. 22) and the applicability of which, as to the plaintiffs, they contemplate invoking. (See *Hayman* v. *Morris*, 37 N. Y. Supp. [2d] 884.) If and when such an application is made, this statute, and its effect as to plaintiffs, may then be considered, and for that reason such a provision as is sought to be incorporated at the foot of the decree is not essential.

Judgment in form proposed by defendants signed.

The matter is disposed of as indicated.