■ ELOISE QUINN, Respondent, v. JULIAN L. COHN et al., Copartners Doing Busniess as BYRON ASSOCIATES, Appellants, et al., Defendants. JULIAN L. COHN, Third-Party Plaintiff-Appellant-Respondent, v. PRECISIONWARE, INC., Third-Party Defendant-Respondent-Appellant.— Order, Supreme Court, New York County, entered on January 12, 1971, granting plaintiff's motion to vacate the dismissal of this action, permitting plaintiff to file a statement of readiness *nunc pro tunc* and restoring the cause to the calendar for the purpose of transferring it to the Civil Court unanimously modified, in the exercise of discretion, without costs and without disbursements of this appeal, to the extent of conditioning the granting of plaintiff's relief upon the payment of $250

costs within 30 days after service upon plaintiff by appellants of a copy of the order entered herein, with notice of entry thereon, to be personally paid by the attorney for the plaintiff; if said sum is not timely paid, the motion is in all respects denied. This case was placed on the calendar and plaintiff's attorney was under the misapprehension that a statement of readiness had been filed. While the delay in discovering his error is hardly excusable, in view of the alleged merit of the claim, we have, as was done in *Arcoleo* v. *Negenten Realty* (15 A D 2d 744) and *Keenan* v. *Waring* (12 A D 2d 601) decided in this case to conditionally depart from the firm policy of this court with respect to delays in prosecution and attorneys' failure. Concur — McGivern, J. P., Nunez, Kupferman, Tilzer and Eager, JJ.