■ FAY SPRINGER et al., Appellants, v. LAURA MARANGIO, Respondent.— In a negligence action to recover damages for personal injuries and loss of services, plaintiffs appeal from an order of the Supreme Court, Queens County, dated January 4, 1971, which denied their motion to vacate their default on a call of the Trial Calendar and to restore the case to the Trial Calendar. Upon this appeal we have also reviewed a later order of the same court, dated February

4, 1971, insofar as, upon reargument, it adhered to the original determination (CPLR 5517, subd. [b]). Appeal from order of January 4, 1971, dismissed as academic, without costs. That order was superseded by the order made on reargument. Order of February 4, 1971 reversed insofar as reviewed, without costs, and motion to vacate the default and restore the case to the Trial Calendar granted, upon condition that plaintiffs' attorney pay $100 to defendant. In our opinion, the denial of the motion to vacate plaintiffs' default was an improvident exercise of discretion under the circumstances of this case. Disposition of causes of action on their merits is strongly favored as a matter of general policy on a proper showing of excuse, the absence of willfulness, and substance and merit to the cause of action (*Benadon* v. *Antonio*, 10 A D 2d 40; *Barnett Co.* v. *St. Paul Fire & Mar. Ins. Co.*, 7 A D 2d 897). In the interests of justice, and in view of the several defaults incurred by plaintiffs, the imposition of the condition that $100 be paid to defendant and the denial of costs on the appeal to plaintiffs are warranted. Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.