■ VERONICA L. FERRARI et al., Respondents, v. JOHNSON & JOHNSON et al., Appellants, and ANTHONY J. BARBACCIA et al., Defendants.— Order, Supreme Court, New York County, entered on April 13, 1973, denying defendants-appellants' motion for summary judgment, unanimously affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered on April 13, 1973, vacating the order of preclusion, modified, on the law, in the exercise of discretion and in the interests of justice, to condition the relief therein granted upon payment of the sum of $250 to the defendants-appellants. Such sum is to be paid personally by plaintiffs' attorney to the appellants within 20 days after service upon respondents by appellants of a copy of the order entered herein, with notice of entry thereon. As so modified, the order is otherwise affirmed, without costs and without disbursements. Upon failure to comply with the stated condition the orders above enumerated will be reversed on the law and the facts and the respective orders granted with a single bill of costs to appellants. As to defendants-appellants this case is one of products liability. In light of the serious injury claimed by the female plaintiff as a result of the ingestion of pills allegedly manufactured and supplied by appellants, and the lack of demonstrable prejudice to appellants, it is concluded that the court below did not abuse its discretion. Since the delay in prosecution seems to have been the fault of counsel, .costs are imposed upon him. The alternative of foreclosing plaintiffs from a last opportunity to proceed expeditiously in asserting their claim is rejected because of the totality of the circumstances as here presented. While it is not our policy to favorably exercise discretion where long delay in prosecution is evident, the policy is not so rigid as not to admit of some flexibility where we deem the equities so warrant. (Cf. Taveras v. Mt. Sinai Hosp., 41 A D 2d 640; O'Connell v. Korb, 3 A D 2d 978; Quinn v. Cohn, 37 A D 2d 927.) Concur — Stevens, P. J., Markewich, Nunez and Murphy, JJ; Steuer, J., dissents in the following memorandum: I cannot agree with the disposition made in this case. The action is a products liability case arising from the alleged use of a pill manufactured by the moving defendant. The last use of the pill was alleged to be in April, 1967. The action was begun in December, 1969. On March 30, 1970, defendant served a demand for a bill of particulars. This was completely ignored. Eighteen months later, September, 1971, defendant moved for an order of preclusion. An order was entered on consent granting preclusion unless plaintiff served her bill within 60 days. This order was served on plaintiff on December 20, 1971. No bill was served within 60 days, nor was any step taken in regard to a bill. Eleven months later, November, 1972, defendant served a 45-day notice to dismiss pursuant to CPLR 3216. Over a month later plaintiff attempted to serve a bill, which was rejected and returned. Some three weeks later defendant. moved for summary judgment,

basing its application on the incontestable fact that due to the order of preclusion no case could possibly be established. Plaintiff cross-moved to vacate the preclusion. The excuse offered was that the attorney who had consented to the preclusion had since left the office of plaintiff's attorneys and the latter were unaware of the order. There was no specification of when the departing lawyer had left the office — whether before or after the 60-day period — or how it was that no one paid any attention to the matters he had been handling. Special Term found this explanation left something to be desired (surely a euphemism of the first water) but nevertheless granted the cross motion and consequently denied summary judgment. This court affirms on condition that plaintiff's attorney personally pay $250 costs within 20 days or, failing that, that the order be reversed. Unfortunately I can discern neither law nor logic in this, only sympathy based on an assumed state of facts. Assuming, as I do, that plaintiff is virtually a paralytic, it is far from certain that this condition is the result of her having used the medication alleged. And this is the crux of the situation. That this plaintiff has been guilty of inordinate delay no one questions. That the tendered excuse is not an excuse in law is indisputable (*Wilson* v. *Whitehall Hotel Corp.*, 20 A D 2d 525; *Maloney* v. *Springfield Development Co.*, 20 A D 2d 526; *Burke* v. *City of New York*, 18 A D 2d 898). Furthermore, it has long been recognized that it is the action without merit that is the usual subject of neglect (see *Sortino* v. *Fisher*, 20 A D 2d 25, 31). This is glaringly evident in the case at bar. It must be obvious that this is a case which would normally be expected to produce a very substantial recovery. From every standpoint it would be conspicuous among the matters being handled in any law office. If such a case is shelved, as this one has been, it is not inadvertent. The only possible conclusion is that the attorney lacked faith in its merit. While it is true that a considerable degree of leniency has been accorded to those guilty of careless practice, on the whole this has not been the case with orders of preclusion (*Harrington* v. *Kaufman*, 5 A D 2d 195; *Smith* v. *Surin*, 34 A D 2d 588). In both of the cited cases the contention that this was a matter within the discretion of Special Term was rejected. It should be realized and remembered that a preclusion order does not evolve until the party at fault has had more than an ample opportunity to comply. Here the plaintiff had 18 months before an order was sought, and two months thereafter in which to cure the default — all to prepare a bill which would normally be expected to take about 20 days. The condition imposed would appear contradictory. The costs are imposed on the attorney as a penalty for his neglect. In short, because the neglect has been his, the plaintiff will not suffer the consequence of that neglect. Yet if the neglect continues and he fails to pay within the time prescribed, then the plaintiff will be precluded. There is something in the logic of such a disposition that is elusive. Lastly, there is the argument, never advanced in so many words, that it is cruel and inhuman to deny relief to one so unfortunate as this plaintiff, and so doing implies a callous disregard of her condition. This might be justified if the outcome of the lawsuit could to any degree ameliorate her physical condition. Obviously it will not, and it is a common, though a thoughtless, mistake to infer that an adverse ruling implies a lack of sympathy with her condition.