■ Louis De Pasquale et al., Respondents, v H. Lewkowitz, Inc., Appellant.—Order, Supreme Court, New York County, entered October 31, 1975 unanimously modified on the law and in the interests of justice to the extent of granting plaintiffs leave to serve a verified complaint within 10 days after service of a copy of the order to be entered hereon, with notice of entry, on condition that prior to service of the complaint, or simultaneously therewith, plaintiffs pay $40.00 motion costs. Except as so modified, the order appealed from is otherwise affirmed, without costs. In view of the indifferent attitude exhibited by plaintiffs with respect to defendant's notice of appearance and demand for plaintiffs' addresses and their failure to respond to defendant's letter request for the complaint, the denial of defendant's motion to dismiss this action because of the plaintiffs' failure to serve their complaint should have been expressly conditioned on their paying the motion costs. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Yesawich, JJ.

■ Walter Foster, Respondent, v Cia. Mar. Bananiera Italiana, S.P.A., Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered August 24, 1975, granting plaintiff's motion for renewal, and upon renewal vacating plaintiff's default and restoring the action to the Trial Calendar upon condition that plaintiff pays $50 costs, unanimously modified, on the law, in the exercise of discretion and in the interests of justice to the extent of conditioning relief upon payment of the sum of $350 to be paid personally by plaintiff's counsel to the defendant-appellant Cia. Mar. Bananiera Italiana, S.P.A. within 20 days after service of a copy of the order entered herein, with notice of entry thereon, and as so modified, the order is affirmed, without costs and disbursements; if said sum is not timely paid, the order reversed, on the law, and the motion is in all respects denied. Plaintiff engaged in several motions seeking to vacate his default which motions were characterized by a failure to present an adequate affidavit of merits, although a sufficient demonstration of excusable default was made. Special Term on plaintiff's most recent motion for renewal of his application to vacate the default, properly concluded that a sufficient affidavit of merits was now presented and in consequence vacated the default and restored the action to the Trial Calendar on condition plaintiff pay $50 costs. Vacatur of the default is also found in the lack of prejudice thereby to the defendant-appellant. However, the record clearly presents neglect on plaintiff's part in failing to sooner submit a proper affidavit of merits which would have eliminated the necessity of making additional applications to which defendant-appellant responded. This fault appears to be that of plaintiff's counsel and costs are imposed upon him, not upon his client (See *Ferrari v Johnson & Johnson,* 42 AD2d 940; *Quinn v Cohn,* 37 AD2d 927). Concur—Kupferman, J. P., Lupiano, Birns, Nunez and Lynch, JJ.