■ BARBARA COLLADO, as Administratrix of the Estate of JACQUELINE ORTIZ, Deceased, Appellant, v CARLOS QUINONES et al., Respondents.—Order, Supreme Court, New York County, entered June 2, 1975, denying plaintiff's motion to vacate an order entered on January 28, 1975, which had in turn granted defendants' motion to dismiss for failure to prosecute, unanimously affirmed, without costs and disbursements, and without prejudice to a renewed motion to vacate the default on proper papers which shall include an affidavit of merit upon payment of costs of $250 to be paid personally by plaintiff's counsel to the defendants-respondents within 20 days after service of a copy of the order entered herein, with notice of entry thereon. This is a wrongful death action arising from an accident on November 2, 1967, when a motor vehicle owned by defendant Goya Foods, Inc., and operated by defendant Quinones allegedly struck plaintiff's intestate. Action was commenced on January 31, 1968. Thereafter issue was joined, a verified bill of particulars was served, and on July 10, 1968, a note of issue was filed. An offer of settlement on April 27, 1972 for $9,000 was rejected by plaintiff.

Defendants moved to dismiss the action in October, 1974 for failure to prosecute, based on a 45-day notice served by them on March 25, 1974. That motion was finally adjourned to December 11, 1974 and granted on default. Plaintiff thereafter moved to vacate the default in March, 1975, which motion was denied by Special Term on grounds of absence of an affidavit of merits and law office failure. Plaintiff's counsel claims that the delay after service of the 45-day notice was occasioned by his effort to persuade his client to accept the proposed settlement. As to the default on defendants' motion to dismiss, plaintiff's counsel states that he inadvertently diaried the motion for December 12, 1974. It has been held that a settlement offer alone does not constitute a showing of merits sufficient to defeat a dismissal motion *(Semprevivo v Wormuth,* 49 AD2d 993). However, it is noted that after service of the 45-day notice, plaintiff forwarded in May, 1974, a stipulation to defendants' attorney to restore the case to the calendar. This is some indication that plaintiff did not intend to abandon the action. Further, plaintiff's attorney avers that, believing the adjourned date of defendants' motion to be December 12, 1974, he called defendants' counsel on December 11, 1974 to ascertain if the insurance carrier's claim department was willing to accede to the stipulation restoring the case to the calendar or to offer additional moneys in settlement. It is stated that defendants' counsel informed plaintiff's attorney that he had received no word from the claims department and alerted plaintiff's counsel to the fact that the motion was returnable that day, instead of December 12. Under all the circumstances herein, taking into consideration the offer of settlement, the unrebutted assertions of plaintiff's counsel relevant to the failure to answer on the adjourned date of defendants' motion and the policy favoring disposition of causes of action on their merits (see *Springer v Marangio,* 38 AD2d 852), we conclude that plaintiff should be afforded a further opportunity to seek vacatur of the default. The fault herein appears to be that of plaintiff's counsel and costs are imposed upon him, not upon his client, as a condition for the relief afforded herein (see *Ferrari v Johnson & Johnson,* 42 AD2d 940; *Quinn v Cohn,* 37 AD2d 927). Concur—Markewich, J. P., Lupiano, Birns, Capozzoli and Lane, JJ.