OPINION OF THE COURT
Millard L. Midonick, S.
The decision of this court in the removal proceeding with respect to this estate (84 Mise 2d 830) and the decree entered thereon provided that the grant of costs and disbursements to the prevailing parties be reserved for supplemental decree after the final determination of all appeals. That decree was affirmed with one modification by the Appellate Division (56 *494 AD2d 499) and the Court of Appeals unanimously affirmed in all respects the order of the Appellate Division, with costs to the prevailing parties against the appellants (43 NY2d 305).
There is now an application before the court, pursuant to SCPA 2702, for an order on remittitur making the order of the Court of Appeals entered November 22, 1977, the order of this court, and that application is hereby granted. The order on remittitur should be submitted on notice to be signed by this court and should incorporate the determinations with respect to costs and disbursements which follow herein.
The prevailing parties have submitted bills of costs and disbursements with respect to the proceedings in this court and the proceedings in the Court of Appeals, and respondents Marlborough Gallery, Inc., and Marlborough A. G. have appeared and filed affidavits in response to the requested costs and disbursements, and have stated therein that they will pay the properly awarded costs and disbursements fixed herein.
The Mark Rothko Foundation, Inc., has requested that its costs and disbursements in connection with the Court of Appeals proceeding be taxed and allowed, and the said respondents are not opposed to the requested amount which is therefore taxed and allowed in the amount requested of $310.84.
Kate Rothko, as administratrix c.t.a. of the estate of Mark Rothko seeks disbursements for the referee’s fee, expenses and examinations before trial and the court stenographer’s fee for the trial transcript. These requested amounts are allowed in full. The respondents do not oppose the allowances of these disbursements, but urge that such amounts should be paid out of the estate rather than by them. This court’s decision (84 Misc 2d 830) and the order which was affirmed by the appellate courts, provided for the payment of costs and disbursements by the respondents unsuccessful parties. Therefore, it has already been determined that respondents should pay the amount taxed and allowed. Moreover, after careful consideration of the affidavits submitted herein, together with supporting bills and receipts, and after conference with the parties, the court has determined that the amounts requested by the administratrix c.t.a. are fair and reasonable and should be allowed. (CPLR 8301, subd [a], par 9; 8302, subd [d].)
The prevailing parties, Kate Rothko individually, Barbara R. Northrup, as guardian for Christopher Rothko, and *495 the Attorney-General of the State of New York, have submitted bills of costs and disbursements attributable to the proceedings in this court and the Court of Appeals. The respondents have objected to these requests of various grounds, but their main ground for objection is that multiple costs should not be taxed and that instead the parties should divide a single bill of reasonable costs proportionately according to the amounts requested. The prevailing parties argue that the extraordinary and unique nature of these proceedings require that individual costs be allowed inasmuch as the litigation required all of the efforts of the individual parties and each had distinct interests and performed separate functions. This court is well aware of the unique and extraordinary nature of these proceedings and of the functions performed by the parties. Nevertheless, in view of the large amounts requested for costs in connection with the preparation for trial and the very lengthy trial in this court, and in exercise of the discretion granted to the court by the applicable statutes (SCPA 2301, subd 2; 2302, subd 2; CPLR 8105) as interpreted by various cases (cf. Rowe v Granger, 118 App Div 459; Hayman v Morris, 179 Misc 265), it is this court’s determination that the three prevailing parties should receive one half of each of their respective costs.
The court cannot agree with the respondents’ contention that the Attorney-General of the State of New York should not be allowed his costs and disbursements. Though it is unusual for the Attorney-General to request costs and disbursements, there is no statutory prohibition against awarding same. In the lengthy trial before this court as well as in other proceedings and on the appeals, the Attorney-General was a separate "party” and played an essential and independent role. Pursuant to the relevant statutes (SCPA 2302, subd 6; CPLR 8303, subd [a], par 4; and EPTL 8-1.4, subd [e]; Matter of Lawrence, NYLJ, Aug. 10, 1976, p 9, col 1; but cf. Matter of Dow, 90 Misc 2d 950), the Attorney-General shall be awarded costs and disbursements, together with the other prevailing parties, as herein provided.
With respect to the requested disbursements the court determines that the parties are each entitled to full disbursements to be charged against the respondents with the exception of the following items which cannot properly be allowed for the reasons stated below.
 With respect to the disbursements for the printing *496 bills and other reproduction costs of the briefs in this court and in the Court of Appeals, there are sizeable amounts charged for alterations. The court determines it would not be fair and reasonable to charge the respondents with all of the alteration costs and disallows one half of the amounts attributable to such items. It should be noted at this juncture that it was agreed at the conference held with the parties that the respondents Marlboroughs, who were not parties to the motions concerning the taking of depositions of the Attorney-General, are not properly chargeable with the Attorney-General’s costs for briefs and the record in connection with his deposition and such amounts are disallowed.
The Attorney-General and Kate Rothko have also requested reimbursement for expenses incurred in securing assets in Toronto. Proceedings were held in the Toronto court which were discontinued by the parties with prejudice and expressly without any award for costs. Accordingly, on the basis of res judicata, this court will not award any costs or disbursements for the Toronto proceedings and such amounts are hereby disallowed.
The parties are directed to recompute the costs and the requested disbursements in accordance with this decision, and to submit, on notice, amended bills of costs and disbursements together with an order on remittitur.